[No. 12995.   Department Two. — June 22, 1891.]

# THE HIBERNIA SAVINGS AND LOAN SOCIETY, APPELLANT, *v.* FRANCIS H. JONES, ADMINISTRATOR, ETC., ET AL., RESPONDENTS.

FORECLOSURE OF MORTGAGES — SALE — PURCHASE BY PLAINTIFF — INVALID LIEN — REVERSAL UPON APPEAL — SUPPLEMENTAL COMPLAINT — ACCOUNTING. — Where a parcel of land belonging exclusively to one of two mortgagors has been sold under foreclosure of two mortgages, and purchased by the plaintiff in the foreclosure suit, who has applied the proceeds wholly in payment of the first mortgage, which is thereafter adjudged upon appeal to have been invalid and ineffective as a lien against that parcel, and after such reversal the plaintiff has filed a supplemental complaint against such mortgagor alone, setting out the second mortgage, and claiming title under the foreclosure sale to all the property purchased thereat, and seeking an accounting of the whole indebtedness, and an application of the proceeds of sale in payment thereof, and judgment for the residue, the mortgagor who joins in the prayer for an accounting, in his answer to such supplemental complaint, is entitled to judgment against plaintiff, upon such accounting, for the residue of the proceeds of sale, with legal interest, after deducting the amount of the judgment for the second note and mortgage, with legal interest to the date of purchase, and the amount of counsel fees and taxes allowed by the court.

ID. — ESTOPPEL OF PLAINTIFF — INCONSISTENT POSITIONS — JUDGMENT OF FORECLOSURE — TITLE UNDER SALE NOT STAYED BY APPEAL — ACCOUNTING — INTEREST. — The plaintiff cannot treat the former judgment of foreclosure, the execution of which was not stayed by the appeal, as intact for the purpose of claiming title under the sale, and at the same time as open for the purpose of charging conventional interest on the second note and mortgage, compounding monthly, to the date of the accounting; and having proposed an accounting upon the theory that the foreclosure sale should stand, the plaintiff cannot complain that the court allowed an accounting to the defendant upon that theory, and only allowed legal interest upon the judgment to the date of the sale.

ID. — REGULARITY OF PROCEDURE — OBJECTIONS UPON APPEAL. — The fact that the regularity of the procedure of the plaintiff by supplemental complaint was questioned by the defendant cannot be urged upon an appeal by the plaintiff from a judgment rendered upon the accounting in favor of the defendant, nor can plaintiff complain upon appeal of the mode of procedure adopted by himself, if no error was committed upon the accounting against the plaintiff in any other respect.

ID. — AMENDMENT TO ANSWER AFTER CLOSE OF EVIDENCE — STATUTE OF LIMITATIONS — TAXES — DISCRETION. — Permitting the defendant, by an amended answer, to plead the statute of limitations, and to deny certain averments as to taxes and assessments paid, after the evidence was closed, is not erroneous, where consideration of the statute of limitations did not enter into the judgment, and it appears that there was no abuse of discretion in regard to the amendment as to the taxes.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court, and in the opinion reported in 68 California, 156.

*Tobin & Tobin,* and *Thomas F. Barry,* for Appellant.

The result of the decision of the supreme court was to reopen the cause as to Mary Adams Moore, now deceased. (*Irwin* v. *Towne,* 43 Cal. 23; *Myers* v. *McDonald,* 68 Cal. 166; Hayne on New Trial and Appeal, sec. 299.) There was nothing in the decision of this court in 68 California, 156, to prevent plaintiff from proving his first mortgage, if he could, and plaintiff therefore had a right to leave out the first mortgage; and the court was bound to hear evidence as to how much was due upon the second mortgage, and was bound to find in plaintiff's favor as to the amount due at the date of the new trial. (*Ryan* v. *Tomlinson,* 39 Cal. 646.)

*Shafter, Parker & Waterman,* and *Parker & Eells,* for Respondents.

Every fact in this case was before the court on the former appeal herein, and was, as regards the second mortgage, admitted by the pleadings, and therefore there was evidently nothing to be retried. There were no issues, except false and immaterial ones raised by a "supplementary complaint." (See *In re Doyle,* 73 Cal. 564.) The plaintiff should have applied for a correction of the former decree in accordance with the opinion of the court, instead of bringing this action. (See former opinion, 68 Cal. 156.)

McFARLAND, J.—This action was brought by plaintiff against Charles Carroll Moore and Mary Adams Moore to foreclose two certain mortgages. The complaint contained two counts, and stated two causes of action. The

first was upon a promissory note for fifty-seven thousand five hundred dollars, and a mortgage upon eight different pieces or lots of land to secure it. The note and mortgage were signed by said Charles Carroll Moore, and purported to have been signed by said Mary Adams Moore by her attorney in fact, the said Charles. The second cause of action was upon another promissory note, for seven thousand five hundred dollars, and a mortgage upon the same property to secure it, both of which were signed by said Charles and by said Mary Adams Moore personally. The seven pieces of land first mentioned in said mortgage were the property solely of said Charles; the eighth was the property of said Mary alone.

Mary Adams Moore answered, denying all liability on the said first cause of action, and averring that said Charles had no authority to sign her name to the note or mortgage therein named; but she made no defense as to the second cause of action, on the note and mortgage for seven thousand five hundred dollars. The court rendered judgment on the twenty-ninth day of December, 1881, against the said Charles, for the principal and interest of the said first note, amounting to $76,463.35, and against said Charles and said Mary for the principal and interest of said second note, amounting to $9,055.70, and decreeing a foreclosure of both of said mortgages against both said Charles and said Mary, and providing that the proceeds of the sale of said eight pieces of land should be applied *first* to the satisfaction of the amount found due on said first note and mortgage, set up in the first count of the complaint. Mary Moore appealed, but gave no stay bond, and plaintiff proceeded to have the property sold under the decree. All of said lots were so sold by the sheriff to plaintiff on February 20, 1882; and no redemption having been made, they were conveyed by the sheriff to plaintiff on August 24, 1882. The lots were sold separately, — the seven lots of Charles for fifty-three thousand

dollars, and the lot of Mary Moore for twenty thousand
dollars.    The amount due at the time on the said first
note and mortgage was $78,165. 95.

Afterwards, on November 30, 1885, this court sustained the appeal of said Mary, and adjudged that
"the decree against the defendant Mary A. Moore,
and the order denying her motion for a new trial, are
reversed, and cause remanded for further proceedings."
(68 Cal. 156.)    In this court the case was treated entirely as an appeal from that part of the judgment which
decreed her property to be subject to the lien of the said
*first* mortgage, for fifty-seven thousand five hundred dollars; no mention is made in the opinion of the court, or
in the report of the case, of the said second mortgage, for
seven thousand five hundred dollars, to which she had
made no defense in the court below.

When the case went back to the superior court, the
plaintiff filed an " amended and supplemental complaint
against Mary Adams Moore," which is of a somewhat
anomalous character.    It commences as though it were
a complaint *de novo* against said Mary alone, upon the
said second note and mortgage, for seven thousand five
hundred dollars, making no mention of the said first
mortgage, for fifty-seven thousand five hundred dollars;
but it proceeds afterwards to aver the facts about the
former decree of foreclosure, the sale under the decree
to plaintiff, and its ownership of the eight lots, through
the sheriff's deed, as hereinbefore stated.    No other or
further decree of foreclosure is sought; but " plaintiff
therefore prays the aid of the court in the premises, that
the amount due to the plaintiff upon said note and mortgage be ascertained and determined; that plaintiff be allowed a reasonable counsel fee, to be fixed by the court,
together with its costs and disbursements in this action;
that plaintiff be credited with the total amount of such
indebtedness, and be charged with twenty thousand dol-

lars, the amount for which it purchased the property; that plaintiff have judgment against the defendant Mary Adams Moore for any amount that may remain unpaid," and for such other relief, etc.

To this supplemental pleading the said Mary demurred upon various grounds, and the demurrer was overruled. Shortly afterwards the said Mary died, and the defendant Francis H. Jones, having been appointed her administrator, answered, setting up all the previous history of the case. By an amendment to his answer he denied the payment by plaintiff of certain taxes and assessments, pleaded the statute of limitations, and, uniting with plaintiff in a prayer for an accounting, asked that plaintiff be accredited with the amount of the original judgment on said second note and mortgage; viz., $9,055.70, with interest from the date thereof until the date of plaintiff's said purchase of said eighth lot; that the same be deducted from the $20,000, for which said lot sold; and that defendant have judgment against plaintiff for the amount due on such accounting. The court took an accounting, and gave judgment for defendant for $12,971.61. Plaintiff appeals from the judgment, and from an order denying a motion for a new trial.

It is not necessary to inquire whether plaintiff's supplemental complaint was a proper pleading, or whether the relief sought by it could be obtained against an objecting party. That point would arise only upon an appeal by defendant. Plaintiff, having sought that mode of procedure, cannot now object to it. If no error has been committed in any other respect, and justice has been done between the parties upon the plan devised by plaintiff, then the judgment should stand.

We see no error committed by the court against the plaintiff. Plaintiff was credited with the amount of the original judgment, $9,055.70, with interest to the date of his purchase of the land, and also with a counsel fee of $500, and the further sum of $1,168.22 for taxes, which

he is found to have paid. If any error was committed as to the taxes, it was in plaintiff's favor; for there was certainly no greater amount than that proved, and it is doubtful if he was entitled to any allowance for taxes or counsel fees. The amounts thus credited to plaintiff were deducted from the twenty thousand dollars for which defendant's land was sold, and defendant was given judgment for the balance, with legal interest. In this we see no error.

Plaintiff's theory seems to be, that it can treat the former judgment as intact for one purpose, and as no judgment at all for another purpose; that while retaining the title to defendant's land which he obtained through the foreclosure sale in 1882, he can also consider the judgment as open for the purpose of charging interest at the conventional rate of the note, — compounded monthly, down to the date of the present judgment, which was January 17, 1888. But it is evident that such a position is not tenable. When plaintiff proposed an accounting upon the theory that the foreclosure should stand, and that his title under it should remain undisturbed, the only proper basis for such accounting was the one adopted by the court.

The court allowed defendant, by an amended answer, to plead the statute of limitations, and also to deny certain averments in the complaint of taxes and assessments, after the evidence was closed; and appellant attacks these rulings as erroneous. As to the statute of limitations, it is sufficient to say that its consideration did not enter into the judgment, and that, therefore, it cuts no figure in the case. In regard to the taxes, we see no abuse of discretion in allowing the amendment. It was in furtherance of justice. Appellant was allowed $1,168.22 for taxes, which was more than the plaintiff, upon the evidence, and upon the theory of an accounting without a new decree of foreclosure, was entitled to.

Plaintiff did not ask to introduce further evidence. There are no other points necessary to be noticed.

The judgment and order denying a new trial are affirmed.

SHARPSTEIN, J., and DE HAVEN, J., concurred.