[Civ. No. 1457.   Second Appellate District.—May 22, 1916.]

MARCELLE KOCH, Respondent, v. L. O. WILCOXON et al., Defendants; JOHN DOHERTY, Appellant.

QUIETING TITLE—PLEADING—AMENDED COMPLAINT—ALLEGATION OF FRAUD—CAUSE OF ACTION NOT CHANGED.—Where the original complaint in an action to quiet title sets forth the cause of action in the form customarily used in such actions, an amended complaint which in addition to such allegations sets out acts amounting to fraud on the part of the defendant in procuring a deed from the plaintiff to the property in dispute, does not state a different cause of action.

ID.—AMENDMENTS OF PLEADINGS.—An amendment to a pleading may always be made to conform to the proof, provided the cause of action is not thereby changed.

ID.—DEED—CONVEYANCE TO AGENT FOR SPECIFIC PURPOSE—BREACH OF TRUST—RELIEF—LACK OF CONSIDERATION.—A grantor of real property who makes a conveyance thereof to an agent for the purpose of enabling such agent to complete a represented sale of the property for the former, is entitled, upon a breach of the trust by the agent, to relief in equity upon the ground of failure of consideration.

ID.—PURCHASE OF PROPERTY AT EXECUTION SALE—NOTICE OF LIS PENDENS IN QUIET TITLE ACTION—STATUS OF PURCHASER.—An execution creditor of the grantee under such a deed who purchases the property at the execution sale is not an innocent purchaser thereof for value, as against the real owner, where he has constructive notice of a *lis pendens* filed by the real owner in an action to quiet title to such property as against the grantee.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

I. Henry Harris, and Charles A. Bank, for Appellant.

Ingall W. Bull, and Walter E. Burke, for Respondent.

JAMES, J.—Appeal from a judgment in favor of plaintiff, and from an order denying to defendant Doherty a new trial.

Plaintiff brought this action to quiet title to a certain lot of land in the county of Los Angeles. The main facts, as found by the trial judge and shown by the evidence in the bill of exceptions, are in brief as follows: Marcelle Koch, being the owner of the lot in question, while in the city of San Diego was interviewed by defendant Wilcoxon, who claimed to have a purchaser for the lot in Los Angeles County. Wilcoxon stated that his purchaser would pay the sum of six thousand five hundred dollars in cash for the lot. He further stated that he did not have the name of the purchaser, but that if plaintiff would make out a deed leaving the name of the grantee blank, he, Wilcoxon, would take the deed to Los Angeles, meet the purchaser, deliver the deed after inserting the name of such purchaser, and remit the

amount of the purchase price forthwith to the plaintiff. The deed was made out accordingly on about the twenty-second day of February, 1912, in San Diego. The name of the grantee was first left in blank, but after plaintiff had acknowledged the deed in that form the notary made some suggestion as to the possible invalidity of such an instrument; so thereupon it was agreed that Wilcoxon's name should be inserted in order to enable the latter to complete the transaction of the sale according to his agreement. Wilcoxon took the deed and returned to the city of Los Angeles. The plaintiff received no money and some months later, upon coming to the city of Los Angeles, found that Wilcoxon had not only occupied the house, which was upon the lot, with his family, but had also rented the same to a tenant from whom he collected one hundred dollars per month. Wilcoxon, when the return of the deed was demanded, first stated that he had mailed it to the plaintiff at San Diego, and later declared that the deed had been lost. On an examination of the records being made, the plaintiff discovered that the deed had been placed of record, which apparently transferred title to Wilcoxon. Prior to the making and recording of this deed to Wilcoxon, the defendant Doherty was a judgment creditor of Wilcoxon in the sum of $4,653. The judgment was obtained in a neighboring county, and an abstract thereof had been recorded in the offices of the county clerk and county recorder of Los Angeles County. Doherty, being unable to secure satisfaction of his judgment, afterward made some agreement of compromise with Wilcoxon whereby Doherty was to receive two thousand dollars in full payment of the judgment; five hundred dollars to be paid in cash, the balance in deferred payments. Wilcoxon did not fulfill his part of this contract requiring the payments on the judgment account. In the meantime, Doherty, the judgment creditor, had discovered that title to the lot hereinbefore referred to stood in the name of Wilcoxon on the public records, and proceeded to have execution issued and levied upon the lot in order to subject the same to sale and satisfaction of his judgment. After this execution was issued and the levy made, the plaintiff here brought this suit to quiet title to her lot, the complaint being in the form customarily used in such actions. A *lis pendens* was filed in the county recorder's office giving notice of the plaintiff's suit, but, notwithstanding this

notice, which constructively advised the public and defendant Doherty of the claim made by the plaintiff that she was the owner of the lot, Doherty proceeded with the execution sale against the lot, and on the fifth day of September, 1912, the sale was held, Doherty bidding in the property for the sum of two thousand dollars. Thereafter this action came to trial and after the evidence had been introduced, which disclosed the facts to be as briefly set out in the foregoing, the court allowed the plaintiff to amend to conform to the proofs, and the complaint was thereupon amended accordingly. In this amended complaint the facts touching the making of the deed and its delivery to Wilcoxon were all set out. The prayer attached to the amended complaint was not only for a decree determining the title to the lot to be in the plaintiff as against the defendants, but further, that Wilcoxon be required to reconvey to the plaintiff. Incidentally it may be here remarked that some point is made that by the prayer of the amended complaint plaintiff asked for relief to which she was not entitled under the first complaint filed, to wit, as to the prayer for a reconveyance. The prayer of the first complaint, in addition to asking that the title of plaintiff be quieted and defendants be adjudged to have no right, title, or interest in the premises, demanded other and further relief such as might be equitable. The appellant Doherty is not in a position to complain of the judgment upon the amended complaint requiring the reconveyance to be made by Wilcoxon. Wilcoxon is not appealing, and he suffered judgment to go against him without contest. It is insisted that the court had not the right to permit the plaintiff to amend to the extent of setting out acts amounting to fraud on the part of Wilcoxon, because to do so would be to change the cause of action first declared upon by the plaintiff. Amendments under our practice are liberally allowed, and in the main that matter rests within the discretion of the trial court. Such amendments may be made to a complaint either during the trial or after the evidence is all in. (*Lee* v. *Murphy,* 119 Cal. 365, [51 Pac. 549, 955] ; *Brown* v. *Hurst,* 1 Cal. App. 752, [82 Pac. 1056].) An amendment to conform to the proof may always be made, provided the cause of action is not thereby changed. (*Hancock* v. *Board of Education,* 140 Cal. 554, [74 Pac. 44].) The amendment in this case did not change the cause of action. In effect it merely set out in de-

tail the facts showing how the apparent title to the lot happened to stand in Wilcoxon's name and that no consideration had been rendered by Wilcoxon for the deed. The case of *Henry* v. *Phillips*, 163 Cal. 135, [Ann. Cas. 1914A, 39, 124 Pac. 837], is direct authority for permitting such an amendment to be made in an action to quiet title.

Appellant further contends that having voluntarily inserted the name of Wilcoxon in the deed and delivered it to him, plaintiff could not thereafter assert that the conveyance was other than what it purported to be, to wit, a *bona fide* transaction for value. This statement is too far-reaching in its suggestion of the legal situation which arises upon such assumed facts. Very often property standing in the name of one person is determined to be held in trust for another, and such a conveyance is always open to proof as to where the real ownership resides unless innocent third persons have parted with value in reliance upon the integrity of the apparent title of the record holder. Section 1056 of the Civil Code, which declares that a grant cannot be delivered to the grantee conditionally, has no application. In *Kimball* v. *Tripp*, 136 Cal. 631, [69 Pac. 428], we find this expression: "The position of the appellant on this point is, that as there was no fraud in the procurement of the conveyances, the plaintiff can have no relief. But, assuming the absence of fraud (though, in view of the defendant's relation to the grantor as her agent, this can hardly be assumed), it does not follow that equity cannot afford relief. The deeds, it is found, were made to the defendant simply as her agent, and were therefore taken by him in trust for her; and though the trust was not expressed in writing, equity will not permit the defendant to convert the property to his own use, contrary to the intention of the parties and to the confidence reposed in him. . . . 'Where the circumstances of a transaction are such that the person who takes the title to property cannot be permitted to enjoy it, in whole or in part, without necessarily violating some principle of equity, a constructive trust will be raised for the party entitled in equity to its beneficial enjoyment,' which is the same principle that, at law, governs the action for money had and received. This principle has not always been consistently applied by the courts; but in this state it has been held applicable to cases

where there were fiduciary relations between the parties, as in this case. . . . There is also another principle upon which the rule may be sustained, which is, that in such cases generally, and in this case especially, there is an entire failure of consideration." In this case, not only was the fraud of the agent shown, but there was an utter failure of consideration under the facts disclosed by the evidence and afterward detailed in the amended complaint. We think that both the original complaint and the complaint as amended stated a good cause of action.

Appellant insists that as a purchaser at the execution sale he was an innocent party, and was entitled to rely upon the record title as it was shown to be in Wilcoxon. The question as to whether a judgment creditor who bids at his own execution sale is an innocent purchaser within the rule adverted to, is not settled by unanimous decision of the courts. Our supreme court, however, has given countenance to the proposition that such a creditor-purchaser is entitled to the same favor under the law as would be extended to a third party who might purchase at such a sale. (*Riley* v. *Martinelli,* 97 Cal. 575, [33 Am. St. Rep. 209, 21 L. R. A. 33, 32 Pac. 579].) But a purchaser at an execution sale, in order to maintain his title as against the claim of a third person, must have purchased without any notice that the title was other than the record showed it to be. In *Riley* v. *Martinelli,* section 336 from Freeman on Executions is quoted as follows: "The purchaser at an execution sale takes his title subject to such liens, easements, and equities as it was subject to in the hands of the defendant in execution, unless he can show that he is a purchaser in good faith, and without any notice, actual or constructive, of the existence of such lien, easement, or equity." Notice which will charge the purchaser necessarily is any legal notice which he may have received of the defect in the title prior to the occurrence of the sale and the payment of his money. (*Murphy* v. *Clayton,* 113 Cal. 153, [45 Pac. 267]; *Scott* v. *Umbarger,* 41 Cal. 410, 419.) The notice of *lis pendens* filed prior to the making of the sale on execution gave notice to all intended purchasers that the plaintiff herein claimed to be the owner of the lot which it was proposed to have sold on execution process. (Code Civ. Proc., sec. 409.)

For the reasons given, we are convinced that the defendant Doherty obtained no title or interest in the lot by reason of his purchase at the execution sale, and that the judgment of the court quieting title against him is right.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.