[Civ. No. 4977. First Appellate District, Division One.—January 29, 1925.]

## EMMA STOOPS, Appellant, v. T. PISTACHIO et al., Respondents.

[1] PLEADING — STATUTE OF LIMITATIONS — PRESCRIPTIVE RIGHTS — AMENDMENTS AFTER TRIAL.—In this proceeding to enjoin the maintenance and operation of a certain ditch across the land of plaintiff in such manner as to cause injury thereto, and for damages, the original answer of defendants having contained a special denial and also a cross-complaint alleging adverse user of the irrigation ditch for more than five years prior to the filing of plaintiff's complaint, and praying that defendants' rights thereunder be quieted, and the answer of plaintiff thereto not having denied such adverse user, but, on the contrary, having admitted defendants' right to the flow, and the whole theory of the defense having been the bar of the statute of limitations and defendants' prescriptive right, the trial court did not err in permitting the pleas of prescriptive right and the statute of limitations to be filed by defendants during and after the trial.

[2] ID.—AMENDMENTS AFTER SUBMISSION OF CAUSE—DISCRETION OF TRIAL COURT.—The granting or refusal of leave to amend an answer by pleading the statute of limitations is committed to the sound discretion of the trial court, the same as the pleading of any other meritorious defense; and the fact that the amendment is allowed after the close of the case can avail plaintiff nothing on appeal, where she has made no attempt to set aside the submission of the cause in order to offer further pleading or proof.

[3] ID.—ABUSE OF DISCRETION—APPEAL.—The power given to the trial court to allow amendments in the interest of justice is in its sound discretion, and the appellate court will not disturb the action of the trial court thereon even after the submission of the cause when no abuse of discretion appears.

[4] TRESPASS—ESCAPING WATERS—INCREASING DAMAGE—FINDINGS—EVIDENCE.—In this proceeding to enjoin the maintenance and operation of a certain irrigation ditch across the land of plaintiff in such manner as to cause injury thereto and the death of vines and trees growing thereon, and for damages, there was no evidence to sustain the finding that the damage suffered by plaintiff was relatively the same during the five years immedi-

---

1.  See 21 Cal. Jur. 192.
3.  See 21 Cal. Jur. 181.

ately preceding the filing of plaintiff's complaint and had not increased during said period; on the contrary, the only evidence upon the subject showed affirmatively that the damage had increased by reason of the constant overflow during irrigation seasons, and that its continuance would cause other vines growing upon plaintiff's land to be destroyed.

[5] ID. — CONTINUING INJURY — SUCCESSIVE CAUSES OF ACTION. — Where continuing or recurring injury results from a wrongful act or for a condition wrongfully created and maintained, separate successive causes of action arise when the wrong is committed and when such damages are from time to time sustained.

[6] ID.—ESCAPING WATERS—INJURY TO ADJOINING OWNER—DAMAGES—INJUNCTION.—Where a property owner by artificial means brings water upon his lands for purposes of irrigation, and allows a portion of such water to escape so as to injure the land of the adjoining owner, he is not only liable in damages for the injury caused, but an injunction will lie to prevent the continuance of such injury.

(1) 31 Cyc., p. 400, n. 91, p. 402, n. 17.  (2) 31 Cyc., p. 402, n. 17.  (3) 31 Cyc., p. 368, n. 9, p. 370, n. 12.  (4) 40 Cyc., p. 839, n. 77.  (5) 38 Cyc., p. 1128, n. 22.  (6) 40 Cyc., p. 838, n. 65.

APPEAL from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. G. Graham for Appellant.

D. Stanley Moffatt for Respondents.

TYLER, P. J.—Action to enjoin the maintenance and operation of a certain ditch across the land of plaintiff in such a manner as to cause injury thereto. Damages were also claimed in the sum of five hundred dollars.

Plaintiff is the owner of a twenty-acre vineyard, being part of a certain colony tract situated in Fresno County. Defendants are the owners of other parcels in the same colony

5. See 1 Cal. Jur. 372.

6. Injunction against trespass on real estate, notes, 11 **Am. Dec.** 498; 53 **Am. Rep.** 346; 99 **Am. St. Rep.** 731. See, also, 14 **Cal. Jur.** 222.

which are situated to the south of and contiguous to plaintiff's holding. Defendants' lands are irrigated by means of an open ditch of the usual construction, some twelve feet in width, which carries the water from a main irrigation canal about a mile north of plaintiff's land and discharges it on the lands of defendants. In order to accomplish this it is necessary to carry the water across the westerly side of plaintiff's land. Some sixteen years prior to the commencement of the action this distributing ditch was constructed, and since its establishment it has been maintained by the defendants along and across the west end of plaintiff's property. The complaint charges that defendants have so negligently operated the ditch as to cause it to overflow, and also that they have maintained the water therein at such a depth for continuous periods that it caused a seepage through and under plaintiff's land to a great distance. This overflow and seepage brings down tules and certain other grasses and noxious weeds and discharges them on the lands of plaintiff, and the water also causes minerals, such as alkali, to rise to or near the surface of the ground, from the effects of which the vines and trees on plaintiff's land have died and the land has become useless. It is further alleged that this condition is partially due to the porous character of the soil of which the ditch is constructed, and the neglect of defendants to remove rubbish and growing grasses from the ditch. In their answer the defendants admit that they have maintained the ditch for a period of sixteen years across the westerly side of plaintiff's land, but deny the damage, and claim a prescriptive right to flow water through the ditch for irrigation purposes. They also deny that they have negligently and carelessly permitted water to escape by percolation or seepage or overflow on to plaintiff's land with the consequent deposit thereon of seeds and noxious weeds. By way of cross-complaint they allege that defendants are joint owners of said irrigation ditch, which is the only means by which they can secure water for their respective parcels of land, and that it is absolutely necessary to the existence of plant life thereon; that if said flow of water be interrupted as prayed for by plaintiff their vineyards and orchards will be utterly ruined and destroyed and great and irreparable injury done to defendants. They further allege that each year they have cleaned and repaired the ditch in

the proportion required of them by agreement among all the parties using said ditch and in accordance with the regulations of the irrigation district, and that they have at all times during the irrigating season been kept in a fit and proper condition for the flow of water, and that if any damage has been done to plaintiff's land by percolation or otherwise such damage has not been caused by negligence on the part of any of said defendants but is attributable to plaintiff's negligence in not properly filling in her land along the line of the ditch. They pray that plaintiff take nothing by her complaint and that the court enter its decree to the effect that said defendants own an easement and a right of way for an irrigating ditch and for the flowing of water through the same across and upon the westerly side of plaintiff's land, and that their title to said right of way be quieted and confirmed against plaintiff; that a permanent injunction be entered preventing plaintiff and others from interfering in any manner with the rights or user by said defendants, and for general relief.

To this cross-complaint plaintiff filed an answer alleging that it failed to state a cause of action. She also denied that the cross-complainants have properly repaired and maintained said irrigation ditch in accordance with the irrigation district regulations, or that the ditch is in a fit and proper condition for the flowing of water, and alleged that the damage complained of is due to the failure of defendants to properly cement said ditch and stop the overflow and percolation and seepage of the water. She further alleges her willingness to pay her proportion of the cost of installing a cement pipe to prevent further damage.

At the trial the respondents were permitted to amend their answer so as to plead the statute of limitations. After the trial they filed another amendment, pleading a prescriptive right to seepage and percolation.

The trial court found that the ditch did seep and percolate and caused one-half an acre of appellant's land to become damp and soggy and unfit for the growing of trees and vines thereon; that for approximately eight years prior to the filing of this suit the respondents adversely, peaceably, continuously, uninterruptedly, openly, and notoriously and under a claim of right caused water to flow through said ditch and percolate and seep through the walls and sides

thereof and on and into the appellant's land, but also found that this percolation and seepage had not materially increased from the time the water was first caused to flow through the ditch, and that in the last five years prior to the filing of this action the percolation and seepage had been and remained approximately the same. Further findings are to the effect that the injury or damage caused to said strip of appellant's land and the vines and trees growing thereon by the respondents flowing water through said ditch and the percolation and seepage therefrom was first brought to the attention of the appellant more than five years prior to the filing of the complaint in this action, and that she, during such period, had actual knowledge of the seeping and percolating qualities of the ditch and the damp and soggy condition of said strip of land adjacent thereto and of the resulting damage to the land, and the vines and trees growing thereon, from such percolation and seepage.

The court thereupon found as a conclusion of law (1) that the appellant's cause of action is barred by the statute of limitations, and (2) that the respondents have acquired a prescriptive right of way over and across the westerly side of appellant's land for said irrigation ditch and a prescriptive right to maintain the same. No finding was made upon the question of the alleged damage due to overflow.

[1] The appeal is by the plaintiff, and she first claims as ground for reversal that the court erred in permitting the pleas of prescriptive right and the statute of limitations to be filed during and after the trial.

We see no merit in this contention. The original answer contained a special denial and also a cross-complaint alleging adverse user of the irrigation ditch for more than five years prior to the filing of plaintiff's complaint, and praying that defendants' rights thereunder be quieted. The answer thereto of appellant did not deny such adverse user, but, on the contrary, she admitted defendants' right to the flow. The amendment setting up the plea of the statute of limitations as against her right of action for damages caused by percolation and seepage was offered during the trial. The whole theory of the defense was the bar of the statute of limitations and defendants' prescriptive right. The amendment was for the evident purpose of more effectively pleading these defenses and to conform to the evidence adduced.

[2]   The granting or refusal of leave to amend an answer by pleading the statute is committed to the sound discretion of the trial court (*Trower* v. *City and County of San Francisco,* 157 Cal. 762 [109 Pac. 617]). The trial court has the same discretion in such matters as it has to allow the pleading of any other meritorious defense (*St. Paul Title & Trust Co.* v. *Stensgaard,* 162 Cal. 178 [39 L. R. A. (N. S.) 741, 121 Pac. 731]). The fact that the amendments were allowed after the close of the case can avail appellant nothing (*Hibernia Sav. & Loan Soc.* v. *Jones,* 89 Cal. 507 [26 Pac. 1089]). [3]   The power given to the court to allow amendments in the interest of justice is in its sound discretion, and the appellate court will not disturb the action of the trial court thereon even after the submission of the cause when no abuse of discretion appears (*Lee* v. *Murphy,* 119 Cal. 364 [51 Pac. 549, 955]). Aside from this the appellant made no attempt to set aside the submission of the cause in order to offer further pleading or proof. Under such circumstances she is in no position to complain (*Garlan* v. *Hooper Co.,* 177 Cal. 422 [170 Pac. 1115]; *Wardrobe* v. *Miller,* 53 Cal. App. 370 [200 Pac. 77]).

It is also contended that the evidence does not support the finding that the damage was relatively the same during the last five years and that it had not increased during said period, nor does it support the further finding that respondents have acquired a prescriptive right to maintain the ditch in its present condition and to damage appellant's land by the seepage. Error is also claimed by reason of the failure to make any finding on the negligence of respondents in overflowing the banks of the ditch whereby they damaged and flooded plaintiff's land.

[4]   As appellant contends, there is no evidence in the record to sustain the finding that the damage suffered by plaintiff was relatively the same during the past five years and had not increased during said period. On the contrary, the only evidence upon the subject shows affirmatively that the damage had increased by reason of the constant overflow during irrigation seasons, and that its continuance will cause other vines now growing upon appellant's land to be destroyed. The main purpose of plaintiff's suit was to abate the continuance of this injury. [5]   Where continuing or recurring injury results from a wrongful act or from

a condition wrongfully created and maintained, separate and successive causes of action arise when the wrong is committed and when such damages are from time to time sustained (*Kafka* v. *Bozio,* 191 Cal. 746 [29 A. L. R. 833, 218 Pac. 753]). It is admitted by defendants that an overflow does occur during the irrigation periods. [6] Where a property owner by artificial means brings water upon his lands for purposes of irrigation, and allows a portion of such water to escape so as to injure the land of the adjoining owner, he is not only liable in damages for the injury caused but an injunction will lie to prevent the continuation of such injury (*Bacon* v. *Kerney Vineyard Co.,* 1 Cal. App. 276 [82 Pac. 84]; *Kall* v. *Carruthers,* 59 Cal. App. 555 [211 Pac. 43]). As said in the case last cited, to permit defendants to make their land profitable though it result in utter destruction of the usefulness of plaintiff's land would violate every principle of natural right and justice, and cannot be supported by judicial authority. If the injury here complained of be, as plaintiff contends, a continuous one, she is entitled to the relief here sought.

The judgment is reversed.

Knight, J., and St. Sure, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 30, 1925.

All the Justices concurred.