[Civ. No. 3347.   Third Appellate District.—February 13, 1929.]

J. B. MAYS, Respondent, v. EMERSON WANN et al., Defendants; TUBBS ISLAND LAND COMPANY (a Corporation), Appellant.

Charles S. Wheeler and Charles S. Wheeler, Jr., for Appellant.

A. W. Hollingsworth, W. N. Vallandigham and W. F. Cowan for Respondent.

JAMISON, J., *pro tem.*—Plaintiff brought this action to recover from defendants a balance of $1,332.23 which he

claimed they owed him for baling hay and for fuel furnished to the amount of $45.

In his original complaint he named as defendants only defendants Wann, Towel, and Chase and the copartnership of which they were members. In his amended complaint filed April 9, 1926, some six months before the trial of this case, he joined the Golden Eagle Milling Company, a corporation, The Tubbs Island Land Company, a corporation, and Howard C. Price as defendants. This amended complaint set forth that during the year 1925, at the instance and request of the defendants, plaintiff performed work, labor, and service upon the land of the Tubbs Island Company in baling hay for said defendants and at their instance and request did bale 1,945 tons of hay, and that as consideration therefor it was agreed by defendants that they would pay to plaintiff $2.50 per ton for baling said hay and to furnish plaintiff with fuel.

The case was tried by the court, without a jury, and the judgment was in favor of the Golden Eagle Milling Company and Howard C. Price for their costs, and against Wann, Towel, and Chase, on their default, in the sum of $1,332.23 and against the Tubbs Island Land Company after the trial of the case for $746.09.

The Tubbs Island Land Company, hereinafter referred to as the appellant, owned a tract of land consisting of some 3,000 acres and in the forepart of January, 1925, leased said land, farm implements, and machinery to defendants Wann, Towel, and Chase from January 6, 1925, to October 1, 1925. The crop raised thereon was hay, and by the terms of the lease appellant was to receive one-half of same as rental. The expense of harvesting and baling said hay was to be borne by the lessees. The said lessees entered into a contract with respondent to bale the said hay, agreeing to pay him therefor $2.50 per ton and to furnish him fuel for cooking. The lessees were without sufficient funds to carry on their operations under the lease and in the beginning were financed by appellant. About the 1st of July, 1925, the lessees arranged with defendant Golden Eagle Milling Company to aid them financially. This the said Milling Company did until about September 21, 1925, when it ceased to do so.

According to the evidence produced by respondent when the Milling Company ceased to finance the lessees the appellant, through its secretary, Howard C. Price, in order to keep respondent and his employees on the job of baling the hay, promised respondent that if he would continue baling the hay appellant would pay him for his work in so doing, and that relying upon this promise respondent continued to bale said hay up to and including October 17, 1925.

The court found that on or about the twenty-first day of September, 1925, appellant promised and agreed to pay respondent for all hay baled by him after that date at the rate of $2.50 per ton and that under said agreement respondent baled 549.343 tons of hay, appellant paying to respondent on account thereof $635.27, leaving a balance owing to respondent by appellant of $746.09.

On March 7, 1927, pursuant to an order of the court, and prior to signing and filing the findings of fact, respondent filed an amendment to said amended complaint reciting the facts regarding the agreement with appellant of September 21, 1925, as aforesaid, the said amendment having been directed by the court to be filed to conform to the evidence adduced at the trial.

Appellant filed a motion to strike out the amendment to the amended complaint and also a motion to vacate the judgment, both of which motions were denied by the court. Thereupon appellant appealed from the judgment of the court rendered against it, and from the orders of the court denying its motion to strike and its motion to vacate the judgment.

In its opening brief appellant specifies several errors of the trial court, but states that they may be argued under two heads, namely: That the judgment is not supported by the findings, and that the amendment to the amended complaint should have been stricken out.

There is ample evidence to support the findings of the court that appellant, through its secretary and general manager, Howard C. Price, agreed to pay respondent for his services in baling said hay from and after September, 1925, at a compensation of $2.50 per ton for each ton baled. Nor is the fact disputed that after that sale respondent did

bale 549.343 tons of hay and that the sum of $746.09 is still owing and unpaid to him for said service.

Appellant contends that because of the fact that the trial court found that on June 25, 1925, defendants Wann, Towel, and Chase entered into a contract with respondent to bale the said hay that *ipso facto* the court is precluded from afterward finding that appellant entered into such contract with respondent. We see no merit in this contention. Reference to the amended complaint will show that therein respondent alleged that during the year 1925 the defendants (including appellant) agreed to pay respondent $2.50 per ton for the hay he baled. Under this allegation he undoubtedly had the right to prove that the agreement was made with one or all of the defendants.

The amended complaint appears to have been sufficient to have justified the introduction of evidence as to appellant's agreement with respondent, but whether that be true or not there was no error in permitting the amendment.

Amendments under our practice are liberally allowed. (*Stoops* v. *Pistachio,* 70 Cal. App. 772 [234 Pac. 423].) Such amendments may be made to a complaint either during the trial or after the evidence is all in. (*Lee* v. *Murphy,* 119 Cal. 365 [51 Pac. 549, 955]; *Brown* v. *Hurst,* 1 Cal. App. 752 [82 Pac. 1056].) The power given under section 473 of the Code of Civil Procedure to allow amendments in the interest of justice is uniformly held to be in the discretion of the trial court and this court will not disturb the action of the trial court except where an abuse of that discretion is shown. (*Gordon* v. *Hooper Co.,* 177 Cal. 422 [170 Pac. 1115]; *Lee* v. *Murphy, supra; Stoops* v. *Pistachio, supra.*) An amendment to conform to the proof may always be made provided the cause of action is not thereby changed. (*Koch* v. *Wilcoxon,* 30 Cal. App. 520 [158 Pac. 1048]; *Hancock* v. *Board of Education,* 140 Cal. 554 [74 Pac. 44].) An amendment which changes the count from one upon an express contract to one upon a *quantum meruit* does not substitute a new cause of action. (*Wardrobe* v. *Miller,* 53 Cal. App. 370 [200 Pac. 77]; *Turner* v. *Bauer,* 28 Cal. App. 312 [152 Pac. 308]; *Cox* v. *McLaughlin,* 76 Cal. 60 [9 Am. St. Rep. 164, 18 Pac. 100].)

We think that the evidence supports the findings and that the findings support the judgment.

The order denying the motion to strike out the amendment to the amended complaint and the motion to vacate the judgment and the judgment of the court is each affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 15, 1929.