[Civ. No. 7974. Third Dist. Dec. 17, 1951.]

BARBARA C. STEVENSON FREDERICKS, Respondent,
v. HARRY L. FREDERICKS et al., Appellants.

Percy Napton and Arthur C. Huston, Jr., for Appellants.

E. L. Means for Respondent.

ADAMS, P. J.—This is an appeal on the judgment roll alone, from a judgment in favor of plaintiff in an action to enjoin defendants from causing the flow and seepage of water from their land onto the land of plaintiff.

The findings of the trail court show that prior to June 2,

1936, the lands of both plaintiff and defendants were owned by one George S. Fredericks and his brother, defendant Harry L. Fredericks, as tenants in common. The land was partitioned, George retaining title to the portion subsequently acquired by plaintiff, and Harry taking the portion now held by defendants. George, at the time of the partition, granted to Harry a "right of way for an irrigating ditch" across George's land. In 1949 plaintiff had growing on her land 20 acres of almond trees approximately nine years old, and 20 acres of zinfandel grape vines. Defendants in that year planted their land to rice and, in order to irrigate same, diverted through the canal across plaintiff's land large quantities of water which were then held on said land by means of levees so that it stood several inches above the natural level of plaintiff's lands. A large portion of said waters seeped onto plaintiff's land and raised the water level thereunder to such an extent as to injure plaintiff's almond trees and grape vines, a continuance of which condition would cause said trees and vines to die, and would cause plaintiff irreparable damage. Crops of rice had previously been grown on defendants' land in 1919 and 1929, but for the most part said land had been dry farmed for the past 30 years. At the time of the granting of the right-of-way to defendants there was no understanding that the ditch was to be used for irrigation of rice crops, or that the soil of plaintiff's land was of such a loose texture that water stored on defendants' land would seep onto plaintiff's land. Defendants, without injury to plaintiff's land, can irrigate their land for all normal agricultural purposes except rice culture, if they do not use a flow of more than 4 cubic feet per second, for more than three days in any 30-day period. The seepage which caused damage to plaintiff's land was not from the canal but directly from defendants' rice field.

The trial court further found that defendants would, unless restrained, continue to flood their rice land to an extent that would cause damage to plaintiff's land; and it entered judgment enjoining defendants from diverting water to their land either through the canal "or elsewhere . . . at a rate greater than four (4) cubic feet per second and such rate of flow may only be continued for three (3) days in any thirty day period, and the said defendants will be permanently enjoined from applying water for irrigation, regulation, storage or other purposes to any area of said tract in excess of six (6) acre inches depth for more than three (3)

days in any thirty (30) day period; an acre inch being defined as the quantity of water which would cover one acre one inch in depth, and equals 27,150 gallons."

Appellants contend that the general rule that an injunction will lie to prevent injury to adjoining land by the escape of water brought onto their own land for irrigation purposes is not applicable here because of the easement for the irrigation canal. ▮ However, the mere grant of the right-of-way for the canal cannot be said to have granted to defendants a right to flood their lands to the extent that seepage therefrom will cause irreparable injury to the lands of the grantor of the easement. Here the court found that the seepage which caused the damage to plaintiff's land was not seepage from the canal itself, but seepage from defendants' land; that water diverted through the canal stood on defendants' land in such quantity as to seep therefrom onto plaintiff's land, to its great injury.

▮ In *Kall* v. *Carruthers*, 59 Cal.App. 555 [211 P. 43], this court held that a property owner who by artificial means brings water upon his lands for purposes of irrigation and allows a portion of such water to escape by percolation or otherwise so as to injure the land of the adjoining owner is liable to the latter in damages for the injury caused; and an injunction will lie to prevent the continuation of such injury.

In *Nelson* v. *Robinson*, 47 Cal.App.2d 520 [118 P.2d 350] (hearing by the Supreme Court denied), while the seepage which caused the injury was from the irrigation canal, the court said, at page 526:

". . . The courts of this state have repeatedly held that one who permits water to percolate from his artificial canal to the property of his adjoining neighbor commits an invasion of the latter's rights for which redress is obtainable in damages, by injunction or through the abatement of a nuisance. (*Parker* v. *Larsen*, 86 Cal. 236 [24 P. 989, 21 Am.St.Rep. 30]; *Stoops* v. *Pistachio*, 70 Cal.App. 772 [234 P. 423]; *Kall* v. *Carruthers*, 59 Cal.App. 555 [211 P. 43]; *Massetti* v. *Madera Canal & Irr. Co.*, 20 Cal.App.2d 708 [68 P.2d 260].)"

▮ Appellants finally assert that the judgment is not supported by the findings because of the language of the injunction in using the words "or elsewhere," stating that the complaint did not charge defendants with use of water other than that diverted through the canal. But the complaint alleged "That defendants threaten to, and will, unless re-

strained by this Court, continue to divert said water from said main canal *and other sources*, on to said lands, and cause it to flow and seep on to the land of plaintiff, to her great irreparable injury and damage.'' (Italics added.) Said allegation was not denied in defendants' answer, and it was found by the court to be true.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.