BERNARD SCHROEDER v. CARL JAHNS, ADMINISTRA-
TOR, WITH THE WILL ANNEXED, OF HERMAN SCHROEDER,
DECEASED.

PLEADING STATUTE OF LIMITATIONS.—The general allegation in an answer, that
the action is barred by the statute prescribing two or any other number of years
as the limitation for bringing the action, is not the correct method of pleading the
Statute of Limitations.

LIMITATION OF ACTIONS IN CASES OF TRUST.—A deposit of money by one with
another, to be held by him in trust for the depositor until he shall demand it, con-
stitutes an express continuing trust, and no right of action will accrue to the *cestui
que trust* until the trustee assumes a position in hostility to the trust relation,
either by refusing to pay the money on demand, or by some other act, nor will the
Statute of Limitations commence running until a demand is made for the money,
or the trustee has violated his contract.

SAME.—In such case, if no demand be made on the trustee, and he does not violate
his contract in his lifetime, but demand is made on his administrator after his
death, the Statute of Limitations does not commence running against the intestate,
but the cause of action accrues against the administrator.

ANSWER SETTING UP STATUTE OF LIMITATIONS. — If the complaint in an action
against an administrator avers that the intestate received plaintiff's money in his
lifetime, to keep the same for plaintiff as the depositary thereof until the same
should be demanded of him, and that the money remained in the intestate's hands
at the time of his death, subject to plaintiff's order, an answer which sets up as
a defense that the cause of action did not accrue to plaintiff within two years next
before the death of the intestate, and that the same is barred by the Statute of
Limitations, does not raise any issue in the case.

DEFECTIVE FINDING OF FACTS.—If the answer sets up a counterclaim and the Court
finds that the defendant introduced no evidence as to the counterclaim, the find-
ing is defective; but if the evidence is all before the appellate Court, and it
appears that no testimony was introduced by either party as to the counterclaim,
the judgment will not be reversed on account of the defective finding.

APPEAL from the District Court, Fourth Judicial District,
City and County of San Francisco.

The Court below found the following facts, viz :

That between the first day of January, 1853, and the death
of the deceased, Herman Schroeder, there was deposited with
and collected by said Herman Schroeder money to the amount
of two thousand nine hundred dollars, to be held by him on
deposit and in trust for the plaintiff, and was so held by him
at the time of his death, with the exception of three hundred
and forty-seven dollars paid by said Herman Schroeder, in his
lifetime, to the said plaintiff, leaving a balance in said Her-

man Schroeder's hands, at the time of his death, of two thousand five hundred and fifty-three dollars; and it appearing from the pleadings that said claim was duly presented to the defendant as administrator with the will annexed of the estate of the said Herman Schroeder, that the same was rejected by the defendant, and the action brought therein within the time required by the statute.

The defendant excepted to the finding of the Court for insufficiency, and the Court then made the following amendments to its findings:

1st. After the word " Schroeder" insert the words : "And more than four years before the death of said Herman Schroeder or the commencement of this action, to wit, in the month of January, 1853."

2d. After the word "Statute" add the words: "That no evidence whatever was introduced by defendant of the defense set up in his answer, that deceased in his lifetime had paid, laid out, and expended for plaintiff, and at his request, large sums of money, amounting to one thousand dollars, or any sum paid, laid out, and expended by deceased for plaintiff except the sum of three hundred and forty-seven dollars, for which credit is given by the plaintiff in his claim against said estate, and allowed in this finding."

*James B. Townsend*, for Appellant.

The *judgment* appealed from is *erroneous*, because, first, the finding of the Court, *as amended*, did not *dispose* of the *issues* made by the second and third defenses set up in said defendant's answer. These defenses were, respectively, that the cause or causes of action sued on, if any ever existed, did not accrue to said plaintiff within the periods of *two* nor *four* years, respectively, next before the death of the said Herman Schroeder. These two *different periods* of time were plead because it was not then known whether the plaintiff's evidence of the receipt of money by the deceased would be *in writing*, or by parol merely.

The defendant contended on the trial that the *cause of action*

accrued when the money was *received* by the deceased. On the other hand, the plaintiff contended that a *demand* was necessary before any cause of action accrued. It was necessary, therefore, that the Court should determine by its finding, not only *when the money was received*—because that would not necessarily decide the issue—but when the *cause of action accrued*, which included not only the *fact* of the receipt of the money, but likewise, the *manner* in which and the purposes for which it was received; and whether received in such manner and for such purposes as to render a *demand* necessary before a cause of action would exist—and if so, then the *fact* of the *making of such demand*, and *when* it was made.

1st—The Statute of Limitations ran against the demand proved, from the *time of the receipt* of the money by the deceased. (*Buckner* v. *Patterson*, Litt. Sel. Cases, 234; *Hickok* v. *Hickok*, 13 Barb. 632; *Dale* v. *Birch*, 3 Camp. 347; *Farnam* v. *Brooks*, 9 Pick. 243, 244; *Kane* v. *Bloodgood*, 7 John. Ch. 110, 111, 114; *Robinson* v. *Hook*, 4 Mason, 151, 152.)

2d—If a *demand* were necessary in a case of this kind, before the bringing of an action, it is well settled that such demand must be made *within the statutory period*, or the claim will be barred. (*Codman* v. *Rogers*, 10 Pick. 119, 120; *Stafford* v. *Richardson*, 15 Wend. 305–307; *Lafarge* v. *Jayne*, 9 Penn. 410; *Chalfin* v. *Malone*, 9 B. Mon. 498.)

*P. G. Buchan*, for Respondent.

The complaint avers that the money was left with Herman Schroeder in trust, to be paid when demanded; the proof establishes it, and the Court finds it. The relation of trustee and *cestui que trust*, as between Herman and Bernard, therefore existed—it was an *express* trust. The statute in such case does not commence to run from the time of making the contract in reference to the deposit, but from the breach of it; that is, from the time of a demand and refusal.

This is a plain elementary principle. The principle is fully recognized in the case of *Baker* v. *Joseph*, 16 Cal. 174. The case of *Baker* v. *Joseph*, is much stronger for the defend-

ᴉnt than this case. In that case the money was deposited to be invested by defendant in loans at interest, and the principal and interest to be paid to plaintiff on request. It might have been urged in the Baker case, that the defendant had a right to loan it to himself, and his so appropriating it turned it into an ordinary contract. But, in the case before us, there was no such authority. The money was deposited to be safely kept till demanded. In the case of *Baker* v. *Joseph*, the Court say, that "whether he loaned it or not, or whatever the responsibilities incurred for not loaning it, the repayment of the money received was not to be made until demanded by plaintiff;" and that in that case the statute does not commence to run until demand made.

The rule is distinctly laid down by Mr. Chancellor Kent, in *Decouche* v. *Sabitica*, 3 John. Ch. 216, that so long as a trust subsists, the right of a *cestui que trust* cannot be barred by the length of time during which he has been out of possession.

In *Phelps* v. *Bostwick*, 22 Barb. 314, it is expressly decided that "a bailee or depositary is not liable to an action until demand and refusal; therefore, where money has been left with another, *in naked deposit*, for the benefit of the owner, the latter cannot maintain an action to recover it until a demand has been made upon the depositary to return it, and he has refused so to do."

The principles in reference to trusts of this character, and the principles governing the relation of trustee and *cestui que trust*, so far as they have any reference to this case, will be fully illustrated by a reference to the following cases : *Coster* v. *Murray*, 5 John. Ch. 531; *Murray* v. *Coster*, 20 John. 558; *Brown* v. *Cook*, 9 John. 361; *Beardslee* v. *Richardson*, 11 Wend. 25 ; *Day* v. *Roth*, 18 N. Y. 452.

By the Court, RHODES, J.

The plaintiff sued the defendant, as the administrator of Hermann Schroeder, deceased, to recover a balance due him for moneys before that time deposited by him with Hermann

Schroeder; and he charges that Hermann Schroeder received the moneys " in trust for the said plaintiff, to be kept by him, the said Hermann Schroeder, as a depositary thereof, until the same should be demanded by him the said plaintiff;" that he promised to keep the same in 'safe deposit for the plaintiff, subject to his order, and that the same remained in the hands of Hermann Schroeder at the time of his death subject to the order of the plaintiff; and he also charges that he presented his claim for the moneys against the estate of the deceased to the defendant, as administrator, who rejected the same. The defendant fully denies the alleged indebtedness of his testator, and that he received or held the moneys of the plaintiff in any manner, and he sets up the Statute of Limitations of two years, and of four years, in separate answers, and he alleges, by way of counterclaim, that the plaintiff is indebted to the estate of the deceased in the sum of about one thousand dollars, for moneys laid out and expended, etc., by the defendant's testator.

Judgment was rendered for the plaintiff upon the finding of the Court, and the defendant appeals from the judgment and the order denying his motion for a new trial.

The first point relied upon by the defendant is that the finding of the Court did not dispose of the issues made by the second and third defenses of the Statute of Limitations, but as the statute of four years is clearly inapplicable to the facts of the case, and as the argument of counsel applies equally to both defenses, the second defense, setting up the limitation of two years, will alone be considered in this connection.

The defendant alleges in that defense that the causes of action did not accrue to the plaintiff " within two years next before the death of the said Hermann Schroeder, and that the same, if any, are barred by the statute prescribing limitations for the bringing of actions in this State."

The last clause of the defense—that the cause of action is barred by the statute—is not a statement of a fact, but of a conclusion of law. The fact averred in the defense is that the cause of action did not accrue within two years next before

the death of Hermann Schroeder; and it will be observed that this fact does not constitute a defense to the action, for the complaint alleges that Hermann Schroeder, at the time of his death, still held the money as a depositary for the plaintiff, and there is no charge that he had done anything inconsistent with the contract between the parties, or was in any manner in default, and therefore no cause of action is alleged to have accrued against him; but the cause of action is alleged to have accrued against the defendant who, on demand being made, rejected the plaintiff's claim for the money deposited with his testator. The fact alleged in the defense, instead of being in denial, is consistent with the facts stated in the complaint, and does not raise an issue in the case. We do not intend, however, for those reasons to dispose of the point raised by the defendant without further consideration, for the parties have treated the answer as sufficient to form the issue of the Statute of Limitations, and in this respect they have but followed the practice prevailing to a considerable extent in this State—though we think erroneously—of setting up the Statute of Limitations by means of the general allegation that the action or the cause of action is barred by the statute prescribing two or any other number of years, as the limitation for bringing the action.

That portion of the case relating to the sum of one hundred dollars collected by Hermann Schroeder for the plaintiff may be left out of view, because the plaintiff has remitted from the judgment the amount constituting that item in his account.

The transaction stated in the complaint—the depositing of the money by the plaintiff with Hermann Schroeder, to be held by him in trust for the plaintiff, until the plaintiff should demand it, and the receipt of the money by Hermann Schroeder, with the promise on his part to hold it as such depositary, subject to the order of the plaintiff—constituted an express and direct trust. (*Kane* v. *Bloodgood*, 7 John. Ch. 111, and cases cited.) The trust was also a continuing trust, within the principles of the case of *Baker* v. *Joseph*, 16 Cal. 173. This is not one of those "technical and continuing trusts which

are not cognizable at law, but are creatures of the Court of equity," for in case of a breach of the contract to safely keep, or to pay over the money on demand, the *cestui que trust* has his action at law. The relation of trustee and *cestui que trust* would continue, so long as the trust was a subsisting one, manifested as such by the acts or declarations of the parties, and no right of action against the trustee would accrue until he assumed a position in hostility to the trust relation. So long as he held the money on deposit for the *cestui que trust*, ready to be paid over to him on demand, the *cestui que trust* could not maintain an action against him to recover the trust property. If the trustee has not, by act or declaration, manifested a determination to repudiate the trust, and violate the contract under which the money came to his hands, there must be a demand by the *cestui que trust* for the money and a refusal, before he is liable to an action for the money. This principle necessarily grows out of the relation the parties have assumed, and is too clear to require either argument or authority in its support. The Statute of Limitations, therefore, would not commence to run in such case unless the demand was made. The only demand alleged is, the one made upon the administrator.

The Court finds that the money was deposited with the testator "to be held by him on deposit and in trust for the plaintiff, and was so held by him at the time of his death;" etc. The defendant objects that the finding does not specify the kind of deposit that was made and says that a deposit may be made for many different purposes; but we think the objection untenable. The very definition of a deposit is a naked bailment of goods to be kept for the bailor, without reward, and to be returned when he shall require it. (See Bouvier's Law Dic.; Jones' Bailee, 36, 117; Story, Bailees, Sec. 41.) No other purpose would be implied than what the term itself imports, in the absence of any fact tending to show a deposit for another purpose. The finding shows that the depositary held the property at the time of his death in the same capacity in which it came to his hands. No presumption could be indulged in of a demand upon and a refusal by the depositary,

for the presumption would be that he had at all times complied with his agreement with the *cestui que trust.* The fact found that at the time of his death he still bore his original relation to the property—that is, that he remained such depositary—holding the property in trust for the depositor, to be returned to him on demand—negatives any presumption that the depositary had assumed a position in hostility to the trust.

It is alleged in the complaint and not denied in the answer, that a demand for the money deposited was made of the defendant as administrator, and that he rejected the claim for the money. It is not doubted that the rejection amounted to a refusal to return the money deposited with his testator. The cause of action accrued at that time, and the Statute of Limitations commenced from thence to run. The facts found by the Court, together with the facts in the case, that stand as admitted by the failure to deny them, completely meet the defendant's answer of the Statute of Limitations, and show that the two years had not elapsed since the cause of action accrued. While agreeing with counsel for the defendant that the Court must find as to the truth of every issue of fact found in the case, we think the finding need not be directly and pointedly made that each of the several allegations of the complaint or the answer is or is not true, but if the Court finds such facts as will be sufficient, with the facts admitted by the parties to be true, to necessarily determine every material issue in the cause, the requirement of the law in that respect will be satisfied.

The defendant further objects to the finding on the ground that the Court failed to find the facts as to the counterclaim. The finding, as amended after it was objected to by the defendant, is in substance that no evidence was introduced by him of that defense, except of the sum of three hundred and forty-seven dollars, for which credit was given in the plaintiff's claim, and which was allowed in the finding. The finding does not respond to the issue, and technically it is incorrect, for the statement is not that there was no evidence introduced of the counterclaim, but that the defendant introduced none.

If there was any evidence in the case tending to prove the counterclaim beyond the amount allowed, the finding would be held to be defective and erroneous; but the defendant made a statement in support of his motion for a new trial, in which is contained " all the evidence given" in the cause, and upon an examination of the statement no evidence is found therein tending to prove the counterclaim, beyond the amount allowed the defendant. If the Court had passed directly upon the issue, the finding would have been against the truth of the facts set up in the defense, except as to the amount allowed the defendant. The finding is technically erroneous, but the error has not operated to the prejudice of the defendant, and will, therefore, be disregarded.

The remaining points urged by the defendant do not require separate consideration, as all of them have been answered by the views already expressed, except the one relating to the preponderance of the evidence, and we are not justified in disturbing the finding on that ground.

Judgment affirmed.