[L. A. No. 2758.   Department Two.—February 3, 1912.]

## ST. PAUL TITLE AND TRUST COMPANY, formerly known as St. Paul Real Estate Title Insurance Company, Appellant, v. LOUIS T. STENSGAARD, alias Alton B. Hill, Respondent.

Statute of Limitations—Judgment of Sister State—Amendment of Answer.—In an action on a judgment of a sister state, the court has discretion to permit the defendant to amend his plea of the statute of limitations by designating the particular subdivision of the section of the Code of Civil Procedure originally pleaded as the one upon which he relied.

Id.—Pleading Statute of Limitations against Judgment of Sister State.—In such action, a plea of the statute of limitations, by reference to section 336 of the Code of Civil Procedure, without specifically referring to subdivision 1 thereof, is sufficient, in the absence of special demurrer to the answer, as that subdivision is the only part of that section applicable to such an action.

Id.—Plea of Statute Is to Merits—Discretion.—A plea of the statute of limitations is to the merits, and the trial court has the same discretion to permit it to be pleaded as it has to allow the pleading of any other meritorious defense.

Id.—Coming to and Living in State under Assumed Name—Fraud on Creditors.—Where such foreign judgment debtor, after the recovery of the judgment against him, came to this state and there changed his name, but did so without any intent to defraud his creditors, neither the judgment creditor's ignorance of nor his inability to discover the presence of the judgment debtor will prevent the running of the statute in the latter's favor.

Id.—Plea of Statute not Prevented.—Living in this state under an assumed name will not prevent a defendant sued on a judgment recovered in another state from pleading the statute of limitations.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Constan Jensen, for Appellant.

Gibson, Dunn & Crutcher, and Edward E. Bacon, for Respondent.

MELVIN, J.—Appellant sued upon a judgment for something more than five thousand dollars recovered in the state of Minnesota on May 6, 1891, against the defendant and respondent herein, under the name of Louis T. Stensgaard. The complaint in this action was filed December 1, 1909. It was alleged in the complaint that the defendant surreptitiously left the state of Minnesota within one year after the recovery of the judgment pleaded; that he concealed his whereabouts from his family and acquaintances at all times after his departure from that state; and that he changed his name to Alton B. Hill and concealed his identity and kept his place of residence a secret for the purpose of defrauding his creditors. While admitting the recovery of judgment against him as alleged in the complaint, he denied by his answer that he left Minnesota surreptitiously or that he had fraudulently concealed his identity. He pleaded the statute of limitations.

The court found that defendant lived in Minnesota with his family after the entry of the judgment against him until the year 1897; that in that year he openly departed from Minnesota; that he did not change his name until 1899; that he had not fraudulently concealed his identity for the purpose of defrauding any creditor; and that he had continuously resided in the county of Los Angeles since the year 1900, under the name of Alton B. Hill. The court found that long prior to the year 1909 the judgment had ceased to be of any effect in the state of Minnesota, and that the plaintiff's cause of action was barred by the provisions of section 336, sub-

division 1, and section 361 of the Code of Civil Procedure. From the judgment against it plaintiff appeals.

In his original answer respondent pleaded the bar of section 336 of the Code of Civil Procedure, but did not specify the subdivision on which he relied. Before final submission of the cause the court permitted him to amend his pleading by designating the first subdivision of that section as the one upon which he placed special reliance. Appellant asks us to hold that the granting of permission to amend was an abuse of discretion by the trial court. We do not think so. Indeed, the original pleading of the section of the code, without special reference to the particular part of it upon which defendant depended, was sufficient, because the first subdivision is the only one that could possibly apply to the facts of this case. Hence there was no uncertainty, or, in any event, any such uncertainty as plaintiff could urge, in the absence of special demurrer to the answer. Subdivision 1 of section 336 of the Code of Civil Procedure applies to an action upon "a judgment or decree of any court of the United States or of any state within the United States." The only other subdivision relates to "an action for mesne profits of real property." It will therefore be seen that the original pleading of the statute was sufficient. (*Churchill* v. *Woodworth,* 148 Cal. 675, [113 Am. St. Rep. 324, 84 Pac. 155].) But the court in the exercise of its discretion permitted an amendment which removed all possible criticism of the plea of the statute. Such a plea is to the merits, and the court is clothed with discretion to permit the defense of the statute of limitations, just as it is given authority to allow the pleading of any other meritorious defense. (*Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 196, [106 Pac. 715]; *Trower* v. *City and County of San Francisco,* 157 Cal. 769, [109 Pac. 617].)

We can see no escape from the court's conclusion that the cause of action was barred because not brought within the time limited by subdivision 1 of section 336 of the Code of Civil Procedure. Appellant cites *Stewart* v. *Stewart,* 152 Cal. 163, [92 Pac. 87], and *Palmer* v. *Shaw,* 16 Cal. 95, in support of the proposition that a clandestine entry into this state with intent to defraud creditors does not operate to begin the period of limitation in favor of the debtor thus secretly coming to California. But in this case the court

found that defendant's coming to this state and his change of name were without fraudulent intent. The case of *Stewart* v. *Stewart,* 152 Cal. 163, [92 Pac. 87], is authority for the proposition that neither the creditor's ignorance of nor his inability to discover the presence of the judgment debtor will prevent the running of the statute in the latter's favor. It has been held in this federal circuit, and we think correctly, that living in this state under an assumed name will not prevent a defendant sued on a judgment recovered in another state from pleading the statute of limitations. (*Chemical Nat. Bank* v. *Kissane,* 32 Fed. 429, [13 Sawy. 20].) The court after hearing all of the evidence concluded that the defendant had not been guilty of fraud either in coming to California or in changing his name, and that he had resided in this state for about nine years prior to the filing of the complaint in this action. The only judgment possible, therefore, was the one sustaining the defense urged under subdivision 1 of section 336 of the Code of Civil Procedure, and our conclusions upon the applicability of that section make it unnecessary to review the findings and conclusions with reference to the laws of Minnesota and the availility of section 361 of the Code of Civil Procedure as a defense.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.