[Civ. No. 4436. Third Appellate District.—March 23, 1932.]

SEID PAK SING et al., Appellants, v. HARRY B. BARKER et al., Respondents.

Louttit, Stewart & Louttit, Sterling Carr and Carr & Guiler for Appellants.

Lafayette J. Smallpage, A. P. Hayne and Nutter, Hancock & Rutherford for Respondents.

PRESTON, P. J.—In lieu of any preliminary statement of the case, reference is made to the former hearing in the earlier appeals. (*Seid Pak Sing* v. *Barker,* 197 Cal. 321 [240 Pac. 765].) The report fully covers the facts and our discussion will include only such features as are incidental to the contentions here presented.

The original complaint was filed on January 26, 1919, which date, therefore, was that of the commencement of the action. The original defendants were Barker, Miller, Grossman, Chicago Bonding and Surety Company, a corporation, with a number of fictitious defendants.

The action has been characterized as one to establish the right of plaintiffs as the owners and holders of a junior mortgage upon certain premises to redeem said premises from the lien of a prior deed of trust upon the same and fix the basis of such redemption. This is rather a broad characterization and, as it will appear hereinafter, is intended as such. After the decision on the former appeal, the case went back for retrial, at the conclusion of which judgment and decree was entered determining the existence of a lien in favor of plaintiff against the premises, but subjecting the lien to prior liens in favor of the intervener. This appeal is prosecuted by the plaintiffs from that portion of the judgment allowing precedence to these claims of intervener and deferring the lien of plaintiffs thereto.

As stated, the action was commenced on January 26, 1919. In the complaint it was alleged that the premises involved had been impressed with a number of liens arising out of certain mortgages, a deed of trust and the claims of plaintiffs. The complaint, in detail, sets forth the history of the various transactions relating to the property. In due course answers were filed by the various defendants, each answering separately. By these different answers each

defendant set up the priority of his or its claims and the priority thereof so that issue was joined in the main on the questions of the validity of claimed liens and, if established, then on the order of priority.

In January, 1920, plaintiffs filed a supplemental complaint, not changing the original cause of action, but amplifying the same and including items accrued since the date of the commencement of the action. The same property is involved with the additional allegation that one Lederer had succeeded to certain rights of former defendants and Lederer was made a party defendant. Thereafter Lederer filed his answer joining issue on the allegations of the complaint, but praying no affirmative relief. On May 10, 1926, being of a date subsequent to the determination of the appeal, the action was dismissed as against defendant Lederer. On the same date an order was made permitting A. J. Sabath to file his complaint in intervention, and on said date was filed the said complaint in intervention.

The intervener first alleges, and this fact is admitted by all parties, that he has succeeded to the fee ownership of the premises involved and had also become the owner and holder of the claimed prior encumbrances. This ownership dated from June 12, 1921. He then alleges his ownership of the deed of trust and the promissory note secured thereby. The complaint in intervention proceeds to take up each allegation of the complaint. The general prayer is that intervener be granted such general relief as he may be entitled to under the pleadings and issues presented. Amendments were made to this complaint in intervention, but the main features thereof remain unchanged. Incidentally, the amendments indicate that the ownership of the original deed of trust and the debt secured thereby came into the ownership of the intervener on January 26, 1920.

The first point urged by the appellant that the filing of the complaint in intervention changed the character of the original action, and intervener Sabath became in effect the plaintiff, and the plaintiffs herein became in effect the defendants, exactly as though the intervener had originally commenced this action to determine his rights under the trust deed and for other affirmative relief which he claimed was due him as the owner of the land. This, it is claimed,

placed plaintiff in a position where he could urge all possible defenses, including the statute of limitations to the claims advanced by the intervener. And we note how that plaintiff did specifically, on all occasions, both by demurrer and answer, and likewise at the trial, urge the bar of the statute of limitations. Here it might further be conceded that the claims were barred if the main contention of plaintiff in this connection should prevail. It becomes necessary, therefore, to further consider the issues.

The case has run along for some twelve or thirteen years and has been marked by frequent amendments to the pleadings on both sides. The transcript is in two large volumes and the whole thereof, with the exception of the findings and judgment, constitutes the pleadings, original and amended. It will be unnecessary to analytically detail each pleading. Sufficient for our discussion may be presented by a general outline.

The plaintiffs were lessees of the premises involved, under a written lease from the then owner. The lessor had given to the lessees a mortgage covering certain portions of the property by way of security for the performance of specified obligations by the lessor assumed. Plaintiffs alleged the breach of these obligations and sought to foreclose the mortgage for an amount alleged to be due thereunder. In their original complaint the plaintiffs set up the facts as to the existence of a prior deed of trust and likewise the existence of certain mortgages held and owned by the defendants. Also was set up a deed to the premises whereby the same were conveyed to defendant Chicago Bonding Surety Company, which deed was alleged to be in effect a mortgage.

The complaint brought before the court for decision the question of priorities of said encumbrances, the effect, if any, of subsequent transfers thereof, which transfers and assignments were appropriately alleged, and in its nature required the determination of the respective rights of all parties.

The subject matter of the action was the common fund out of which all of these claims, if proved, were to be paid. The original lessor and mortgagor under the lease was not made a party and it is apparent throughout that the purpose of the action was to determine what part of the

premises, if any, might respond to plaintiffs' demand and that if the said demand was junior in right to other found liens, the amount of the latter be determined in order that plaintiffs might discharge or satisfy senior liens and advance their own.

At the time of the commencement of the actions none of the claims now urged by intervener had been outlawed.

In 1926, when intervener appeared, the action was dismissed as to Lederer; speaking accurately, there could be no substitution to replace one not a party to the action. But Sabath, intervener, as the successor of Lederer, was, in effect, nothing more than a substituted defendant, though we do not find it necessary to in anywise rest the decision on that point.

The complaint in intervention, while so denominated, was, in many of its essential features, an answer to the allegations of the complaint. The title and securities held by intervener through subsequent transfer were made the subject of the action as against his predecessors in interest. That intervention set up nothing that could not have been urged by the remaining defendants and, upon closer scrutiny, it will develop that practically all of the new matter advanced by intervener was the changed ownership. True, he amplified the defenses already urged and asked affirmatively for the relief which the court would have been obliged to give upon proof of the facts alleged. There may be certain features of this complaint in intervention that contain new matter, but inasmuch as these issues are not before us, we may disregard them.

It is always unsafe to tie irrevocably to a name and in a confusion of terms it well might occur that an inapt characterization of a right might result. The mere classification of a right is not essential. First, we recognize the claimed right and, after such recognition, it is entitled to enforcement, whether the name given it accords exactly with the general understanding thereof. And so here, throughout, we are cited to many cases attempting to define and limit the rights of an intervener under given conditions. But the record discloses that the present intervener merely took up the issues tendered as against the owners of the premises and the holders of the liens thereon, as a successor in interest. We have much authority to the effect

that one entering into an action is not an intervener, in the narrowest sense, merely because he styles his pleading a complaint in intervention. (*Temple* v. *Alexander*, 53 Cal. 3.) In *Pickwick Stages* v. *Board of Trustees*, 189 Cal. 417 [208 Pac. 961], it is held to be thoroughly established that the designation given by a party to his pleading does not determine its character. A party defendant in an action such as this cannot foreclose further inquiry or destroy plaintiffs' cause of action by a mere transfer of the thing in dispute. The thing itself remains before the court, as did the lands here involved, burdened with the asserted claim of plaintiffs and the transferee would have the right and the duty, perhaps, of defending his ownership, on the same issues whereby it was attacked. We conclude that intervener's complaint dated back to the institution of the action and that any and all claims then alive and not barred continued as such throughout the determination of the case.

■ Next appellant contends that the note secured by the deed of trust is barred by the statute of limitations. The note was for $35,000 and dated at Stockton, California, June 21, 1917, and was payable two years after date. When defendant Barker became the owner and holder of this note in December, 1918, he gave notice of the sale of the property under the deed of trust, the due date of the note having been accelerated through defaults in payment of interest. The sale was noticed for January 29, 1919. The complaint filed on January 26, 1919, sought, as a part of the general relief, an injunction restraining such sale and after a hearing, such injunction, pending the action, was issued on February 13, 1919. The order further forbade any other sale ''under or on account of any lien upon or on account of any lien upon or against said real property or any other evidence of indebtedness or claim of lien''. Appellant contends that this injunction simply restrained a sale and did not interfere with the commencement of any action to enforce the right to judgment.

We have followed the argument of counsel for appellant in every detail and, while it may prove the claim he makes, nevertheless, he arbitrarily fixes the starting point and then proves his own theory, the net result being merely to indicate the correctness of counsel's views on matters in nowise determinative of the questions before us.

It is now recognized that statutes limiting the time within which actions must be commenced are favored by the courts as tending to promote social ends desired. A defense of limitation is a defense to the merits and if established is a complete bar. However favored, we must keep in mind the purpose behind such legislation and the good intended to be accomplished. Statutes of limitation are often called statutes of repose; they protect against stale demands and insure against claims being urged where by reason of lapse of time it would be impossible to present a true defense. Likewise do they militate against perjury and fraud. For these reasons, chiefly, are these statutes favored. And for the further reason that the threat implied obliges people to present their demands while still fresh and within the memory of witnesses still alive. And where, as here, a holder of a mortgage or deed of trust is made a party to an action, the exclusive object of which is to test his demand and discharge it by payment, in order that a junior encumbrancer might obtain the equities of a redemption and in response to such action the defendant does specifically submit his claims for determination and settlement, it would seem an unjust, harsh and illogical conclusion to hold that his claim was barred for delay in presentation on the ground that it had not been urged. It would make equity a jest to declare that its powers, exercised under the guise of equality and reason, were in reality used only as means of destroying what it purported to protect. We hold that the statute has not barred any of the claims, not barred at the time of pleading them in the present action.

It therefore becomes unnecessary to inquire into the question as to whether or not a junior mortgagee may resist a senior encumbrance without offering to do equity.

■ Appellants then contend that the intervener was not entitled to recover interest on the promissory note secured by the trust deed because plaintiffs had tendered payment of the amount to the trustee and the latter had refused to accept the same. This claim was urged in the court below and the finding of the trial court impliedly is against appellants. We have none of the evidence before us and on that ground alone would be disposed to decline any further notice of the matter. The record discloses that there was at all times an insistent claim by appellant that the amount

claimed as due by defendants was falsely padded and beyond all reason. Appellant made a written request of defendants to ascertain the amount due and offered to pay "whatever sums were properly secured by said trust deed". Such an offer does not meet the requirements of a tender. The legal effect of a plea of tender is an irrebuttable admission of indebtedness to the extent of the tender regardless of the final outcome of the action. (26 R. C. L. 650.) In the instant case the attitude of appellants from the outset was that defendants were claiming much more than was legally their due. By the complaint plaintiffs sought to ascertain the exact amounts due and therein offered to pay what the court might decree. We are cited to no authority, and we have found none, holding or intimating that an offer to pay what the offerer may conclude is the proper amount, constitutes a tender in the sense the law requires.

Appellants both in the court below and here have raised the question of estoppel operating against intervener in the urging of his priority. The mortgage given to the appellants under the terms of the lease provided that the same should have priority to and prevail over any other lien or encumbrance except a deed of trust in a sum not exceeding $40,000. Appellants then contend that when intervener became the owner of the encumbrances, other than the trust deed, he had notice of the terms of the mortgage and thereby arose the estoppel here urged. The theory seems to be that the original mortgagor in and by a subsequent encumbrance can limit and qualify the effect of prior liens and arbitrarily determine the order thereof and that such a determination binds all who act with notice. A mere statement of the proposition is its own undoing. Further, an estoppel is created only in instances where to deny it would operate to the prejudice of him asserting it. The enforcement of liens of this nature and in this case being against the property, we cannot see where plaintiffs could be prejudiced merely through the fact of a change in person asserting the lien. The prior liens having attached no guaranty or representation of the original mortgagor could alone suffice to retard or prorate the securities.

The final argument is, that irrespective of the determined rights, the plaintiffs are entitled to a deficiency

judgment against the intervener. The claimed chain of liability tying intervener Sabath into the deficiency, runs as follows:

The Chicago Bonding & Surety Co., by virtue of its acquisition of the title to the lands involved, became liable for the fulfillment of its grantor's contract under the lease. Subsequently, upon transfer to intervener, as a part of the consideration, Sabath indemnified his grantor against all claims outstanding against the lands, including the claim of plaintiffs.

It is to be observed here that the Chicago Bonding & Surety Company was consolidated with American Bonding and Casualty Company prior to the acquisition of title by intervener and the immediate grantor of intervener was the American Company. When the consolidation was effected, an agreement was made whereby the American Bonding and Casualty Company assumed the debts, charges, liabilities and obligations of every name, nature and description, due from or owing by the Chicago Bonding & Surety Company. This consolidation was effected while the present action was pending and as a part of the said consolidation the American Company took over all of the assets of the Chicago Company. In the instant case there is a deficiency judgment in favor of plaintiffs and against the Chicago Bonding Company for the amount of plaintiffs' found claim which shall remain unsatisfied after sale of the property. There seems no question but that this liability is enforceable as against the American Company. However, the latter is not a party to this action, by substitution or otherwise. When the American Company transferred the property and the trust deed to intervener Sabath, the instrument and agreement of transfer, in setting forth the consideration thereof and as a condition thereof, used this language:

"It being agreed, however, that the said Sabath does for himself, his heirs, successors and assigns indemnify the said company from and against any and all claims, expenses, damages, costs and attorneys' fees remaining unpaid or that may accrue against the Chicago Bonding and Insurance Co. by reason of or in connection with said Mildred Island property above mentioned."

It will be remembered that at the time of this last-named transaction the instant suit was pending and the claims of

plaintiffs were then well known to all parties to this last agreement.

There is no denial of the fact that the actual defendant in the case was the Chicago Company and that all other parties defendant were in privity with said company, whether designated as assignees, transferees or agents. Sabath, the intervener, was an officer in the Chicago Bonding Company and intimately connected with the transactions of that company from the outset. He took over the property as an individual and permitted the obligation to continue as against the original defendants for a period of some five years before asserting his claims as owner of both the lands and the original trust deed.

The court below has decreed a deficiency judgment against the Chicago Bonding Company. This is a debt of the American Company under the consolidation agreement. In time, under the agreement between American Company and Sabath, the obligation to pay the debt as between the last two, rests on Sabath, the intervener. The findings before us, unassailed as they are, almost demonstrate that in the last analysis the Chicago Bonding Company, American Company and Sabath are in immediate privity throughout and acting "one for all and all for one". If upon a sale of the premises, after liquidating the liens of intervener, there remains a deficiency, the same is a judgment against the Chicago Company. In an action to recover the amount of the judgment the creditor is entitled to exhaust whatever security the judgment debtor may have against the same.

The administration of justice would seem to be at a faltering stage if there were no power in equity to at once fasten liability where the record indicates it must eventually rest. One boast of equity is that it can and does intervene to quiet litigation and prevent needless dispute.

Obviously, upon the judgment herein becoming final, no further determination of the facts involved will be permitted.

The obligation of the Chicago Company cannot longer be classed as a mere liability; it has now been judicially declared. The intervener took title subject to the duty and liability of liquidating and discharging all claims against the owner and to him it can make no difference whether he pays one person or another. Here, in the heat of the con-

troversy, intervener buys the property involved, with full knowledge, and as an express part of the consideration takes over the burden of indemnifying the original obligee against any cost or liability.

The trial court held, at the insistence of defendants and the intervener, that the liens claimed by them had not merged in the ownership and, therefore, we consider them as separate.

The factual condition found is that the intervener assumed the burden of plaintiffs' mortgage as a part of the purchase consideration whereby the lands purchased are held by intervener as a primary fund for the payment of plaintiffs' demand.

We conclude that it being eventually intervener's duty and obligation to pay the indebtedness, the court having all parties before it, should have ordered a deficiency judgment against the intervener. (*White* v. *Schader*, 185 Cal. 611 [21 A. L. R. 499, 198 Pac. 19]; *Williams* v. *Coleman*, 70 Cal. App. 400–405 [233 Pac. 397]; *Josephian* v. *Lion*, 66 Cal. App. 650–660 [227 Pac. 204].)

Throughout the foregoing the Chicago Bonding & Surety Company (a corporation) has been referred to as Chicago Company and Chicago Bonding Company; in each case the reference includes and is intended to designate the Chicago Bonding & Surety Company. Likewise, American Bonding & Casualty Company has been referred to in abbreviated form. Wherever reference is made to the company designated by the use of the word "American" the designation is intended to include American Bonding & Casualty Company.

The judgment is modified to provide that a deficiency judgment in favor of plaintiffs arising from the amount remaining due plaintiffs, after the sale of the premises under the mortgage, be ordered against the intervener Sabath.

As so modified the judgment is affirmed, appellants to recover costs of appeal.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 22, 1932, and ap-

plications by appellants and respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, were denied by the Supreme Court on May 19, 1932.