[Civ. No. 19165.  Second Dist., Div. One.  Feb. 18, 1953.]

PEARL C. HOPKINS, Respondent, v. GUY B. HOPKINS, Appellant.

George B. Bush for Appellant.

Courtney A. Teel for Respondent.

PATROSSO, J. pro tem.—Plaintiff instituted this action on September 19, 1950, by filing a complaint in two counts. The first alleges that on October 18, 1926, plaintiff and defendant, being then husband and wife, entered into a written property settlement agreement under the terms of which defendant agreed to pay plaintiff a sum of $120 per month for so long as she lived or until she remarried, and $30 per month for the support of the three minor children of the parties; that plaintiff has not remarried; that on May 9, 1927, the marriage between the parties was dissolved by a decree of divorce of the District Court of the State of Colo-

rado in and for the City and County of Denver; and that the property settlement agreement was approved "and incorporated in haec verba" in said decree. It is then alleged in paragraph IV: "That no part of said judgment accruing within five years last past and next preceding the commencement of this action, to-wit: the sum of $7,200.00 has been paid." The second count incorporates all of the allegations of the first except those contained in paragraph IV thereof, last quoted, and then proceeds to allege that no payments have been made on account of said judgment since February 23, 1932," and there is now owing and unpaid to plaintiff upon *said contract and said judgment* the sum of $26,760.00." (Emphasis added.)

In answer to the first count, in addition to denying any indebtedness to plaintiff, defendant alleges as follows: "that no payments have been made by plaintiff because of or under the terms of said contract in writing since on or about September 1, 1943, although, according to the terms of said written contract, such monthly payments as were agreed to have been paid were due and payable on the first day of each and every month thereafter. . . . This defendant further specifically alleges that any right to recover any sum or sums of money whatsoever have been and are fully and completely barred by the laches of plaintiff and the statute of limitations, and more specifically by sections 336 and 337 of the Code of Civil Procedure." The foregoing is incorporated by reference in answer to the second count, as to which it is further alleged: "This defendant more specifically alleges that no sum or sums are now due, payable or collectible, and that any right to recover any sum or sums have been long since abandoned and waived by the conduct and laches of plaintiff, and are completely barred by the statute of limitations, and more specifically by sections 336 and 337 of the Code of Civil Procedure."

Although no demurrer was interposed to the answer, at the opening of the trial counsel for plaintiff moved to strike therefrom the pleas of laches and the statute of limitations upon the grounds (1) that laches does not constitute a defense to an action at law, and (2) that the plea of the statute of limitations was defective in that, while setting forth the code sections, it failed to specify the particular subdivisions thereof which were relied upon. Counsel for defendant thereupon requested leave to amend his answer as to indicate that subdivision 1 of each of the sections mentioned was intended. Plaintiff's motion to strike the plea of laches was granted

as was also the motion to strike the plea of the statute of limitations. As to the latter, however, the trial court stated that its ruling was without prejudice to defendant's right to renew his motion to amend at the conclusion of the trial. When so renewed, however, the motion was denied and judgment was rendered in favor of the plaintiff for the sum of $46,575.30.

Appellant does not complain of the trial court's ruling striking from his answer the plea of laches, and it was clearly correct as such a plea does not lie in an action at law (*Brownrigg* v. *DeFrees*, 196 Cal. 534, 539 [238 P. 714]; *Smith* v. *City of Los Angeles*, 66 Cal.App.2d 562, 586 [153 P.2d 69]). Likewise, no error may be predicated upon the refusal of the trial court to permit an amendment to the answer insofar as it undertook to plead the statute of limitations to the first count of the complaint. Inasmuch as this cause of action sought to recover only the instalments which accrued upon the decree sued upon within five years immediately preceding the commencement of the action, no portion thereof was barred by the statute. A more serious question, however, is presented by appellant's contention that the trial court erred in striking the plea of the statute of limitations to the second count, and that its refusal to permit an amendment to his answer with respect thereto constituted an abuse of discretion.

At the outset it may be noted that prior to the adoption of section 458 of the Code of Civil Procedure it was held that the defense of the statute of limitations might not be pleaded by a mere reference to the particular statute relied upon but that facts had to be alleged from which it was made to appear that the cause of action sued upon was barred (*Schroeder* v. *Jahns*, 27 Cal. 274, 279). Since the adoption of section 458 it has been held that in pleading the statute in the manner therein authorized it is necessary to specify not only the applicable section but, if it is divided into subdivisions, the particular subdivision or subdivisions thereof which are relied upon (*Wolters* v. *Thomas*, 3 C.U. 843 [32 P. 565]; *Overton* v. *White*, 18 Cal.App.2d 567, 574 [65 P.2d 99]; *Hart* v. *Slayman*, 30 Cal.App.2d 556, 558 [86 P.2d 861]; *Davenport* v. *Stratton*, 24 Cal.2d 232, 246 [149 P.2d 4]. Compare, however, *St. Paul Title & Trust Co.* v. *Stensgaard*, 162 Cal. 178, 180 [121 P. 731, 39 L.R.A. N.S. 741]; *Tipps* v. *Landers*, 182 Cal. 771, 776 [190 P. 173].) The method permitted by section 458 however is permissive and not exclusive. Despite

178

this section it is proper to plead the statute by alleging facts showing that the claim sued upon is barred and an intention to rely upon this defense without specific reference to the applicable statute. (*Franklin* v. *Southern Pac. Co.*, 40 Cal. App. 31, 33 [180 P. 76]; *Manning* v. *Dallas*, 73 Cal. 420, 421 [15 P. 34].)

As to the sufficiency of a plea of the statute of limitations under the former method (by alleging facts rather than by reference to the section of the code) it was held in *Franklin* v. *Southern Pac. Co.*, *supra*, which was an action for damages and an injunction to abate a nuisance consisting of the erection and maintenance of dikes by means of which waters were obstructed, that an allegation in the answer that the dikes described in the complaint had been ''erected for more than five years prior to the institution of this action and the cause of action attempted to be set up by plaintiff, if any, is now barred by the statute of limitations of this state, said statute being hereby pleaded as a bar to this action,'' was sufficient. In *Adams* v. *Patterson*, 35 Cal. 122, 125, which was an action to recover for certain lumber alleged to have been sold and delivered to the defendants over a period of time, an answer alleging that except as to certain items sued for ''no action was accrued to said plaintiffs by reason of the matter mentioned and set forth in said complaint at any time within two years next preceding the commencement of this action'' was a sufficient pleading of the statute of limitations. And in *Caulfield* v. *Sanders*, 17 Cal. 569, 572, the court said: ''To be available, the plea (statute of limitations) must aver the facts which bring the demand within the operation of the statute—as that the alleged cause of action has not accrued within certain designated years previous to the filing of the complaint.'' Likewise, in *Boyd* v. *Blankman*, 29 Cal. 19, 44 [87 Am.Dec. 146], the answer was held sufficient as pleading the statute where it alleged ''that the pretended cause of action in said complaint set forth did not accrue at any time within five years next before the commencement of this action and he sets up and relies upon the statute in such case made and provided in bar of said action, as if herein specially pleaded.''

Conceding that the answer of the appellant here was insufficient as a plea of the statute by the method prescribed by section 458 in that it failed to specify the particular subdivision of the sections therein referred to, we consider first whether or not, in the absence of a demurrer addressed thereto,

it was sufficient as alleging facts showing that some portion of the plaintiff's claim at least was barred by limitation. In the light of the decisions last above cited, we believe that it was. It was specifically alleged "that no payments have been made by plaintiff because of or under the terms of said contract in writing since or about September 1, 1943, although according to the terms of said written contract, such monthly payments as were agreed to have been paid were due and payable on the first day of each and every month thereafter" and then proceeds to allege that "any right to recover any sum or sums of money whatsoever have been and are fully and completely barred by the statute of limitations and more particularly by sections 336 and 337 of the Code of Civil Procedure." Concerning, as contended by respondent, that the latter portion of the answer is a mere conclusion of law, it does allege what is admittedly a fact, namely that no payments thereon have been paid since 1943, and evidences an intent to plead the bar of the statute. If as the authorities cited indicate, it would have been sufficient if appellant had pleaded that except as to all payments accrued within a period of four or five years immediately preceding the filing of the complaint the same was barred, we fail to see why the pleading here is insufficient as alleging that at least all payments which accrued prior to September 1, 1943, were so barred. That the appellants' pleading was deficient if tested by demurrer may readily be conceded but we do not believe that it was so devoid of allegations of fact as to compel us to say that it was a nullity or fatally defective in the absence thereof.

However, if we are in error in the foregoing, we nonetheless are of the view that under the circumstances here it was an abuse of discretion for the trial court to refuse appellant's request to permit a simple amendment necessary to conform the pleading to the requirements of section 458.

█ Unlike the view obtaining at an earlier date, the defense of the statute of limitations is now regarded as a meritorious one. Indeed it has been said that "statutes of limitation are vital to the welfare of society and are favored in the law" (*Shain* v. *Sresovich*, 104 Cal. 402, 406 [38 P. 51]) and that "they find their justification in reason and experience." (*Medley* v. *Hill*, 104 Cal.App. 309, 312 [285 P. 891].) See also *Seid Pak Sing* v. *Barker*, 122 Cal.App. 93, 100 [10 P.2d 92] ; *Moore* v. *United States Fid. & Guar. Co.*, 122 Cal.App. 205, 210 [9 P.2d 562]. Mention is here made of this because thereby it is made apparent that in determining whether a

refusal to permit an amendment constitutes an abuse of judicial discretion, the same test is to be applied where the proposed amendment has reference to the plea of the statute of limitations as obtains in the case of any other meritorious defense. (*Stoops* v. *Pistachio,* 70 Cal.App. 772, 777 [234 P. 423].)

In support of her contention that the trial court did not abuse its discretion in denying appellant's request for leave to amend its pleading of the statute, respondent relies upon a number of cases later to be noticed. ■ However, whether or not refusal of leave to amend a defective pleading constitutes an abuse of discretion is not governed by any hard and fast rule applicable to every case regardless of its particular facts. Thus, under varying circumstances, it has been held that it is not an abuse of discretion to permit an amendment pleading the statute of limitations for the first time after the close of the case or the submission thereof (*Stoops* v. *Pistachio, supra*; *People* v. *Honey Lake Valley Irr. Dist.,* 77 Cal.App. 367, 374 [246 P. 819]; *Wrightson* v. *Dougherty,* 5 Cal.2d 257, 265 [54 P.2d 13]; *Trower* v. *San Francisco,* 157 Cal. 762, 769 [109 P. 617]; *Lilly-Brackett Co.* v. *Sonneman,* 157 Cal. 192, 197 [106 P. 715, 21 Ann.Cas. 1279]). On the other hand it has been held not to be an abuse of discretion for a trial court to refuse to permit an amendment to an answer pleading the statute of limitations for the first time (*Cooke* v. *Spears,* 2 Cal. 409, 413 [56 Am. Dec. 348]; *Stuart* v. *Landar,* 16 Cal. 372, 375 [76 Am.Dec. 538]; *Rudd* v. *Byrnes,* 156 Cal. 636, 637 [105 P. 957, 20 Ann.Cas. 124, 26 L.R.A.N.S. 134]).

■ The question presented here, therefore, is a concrete one: Was it an abuse of discretion for the trial court to refuse permission to make the requested amendment where it involved merely the insertion or addition of the particular subdivision of the sections pleaded in the original answer and where, although it appeared from an inspection of the plaintiff's complaint that all but $7,200 of the principal amount of her claim was barred, the denial of the right to amend would subject the defendant to liability in a sum many times greater?

A reading of the complaint makes it apparent that the plaintiff fully appreciated the fact that her demand was stale and that she would be confronted with the plea of the statute of limitations, for this is the only explanation for stating her single cause of action in two counts, one for in-

stalments which accrued upon the decree within a period of five years immediately preceding the commencement of the action, and the other for all instalments alleged to have accrued "upon said contract and said judgment" prior thereto which remained unpaid. Moreover, although the defendant's answer made it abundantly clear that he intended and undertook to plead the statute, albeit perhaps defectively, counsel for respondent made no objection thereto either by demurrer or otherwise, and waited until the day of the trial to urge the technical objection as to the deficiency of defendant's answer in this respect. The observation of counsel for respondent that the defense is a technical one would, under the circumstances, seem to apply with equal force to his objection to the defendant's pleading. Unless we are now to revert to a day long past when the rights of parties were made to depend upon the technical skill of their respective pleaders rather than the merit and justice of their causes, we cannot give our approval to the action of the trial court here.

The question before us may be placed in its true perspective if we assume that the plaintiff had interposed a demurrer to the answer and the same had been sustained without leave to amend, for this is precisely the effect of the trial court's ruling. Few there are, we believe, who would undertake to sustain such a ruling upon appeal. Certain it is also that such a ruling is incompatible with the philosophy underlying our entire system of pleading, under which, as our Supreme Court has well said: "It can very rarely happen that a court would be justified in refusing a party leave to amend his pleading so that he may properly present his case." (*Crosby* v. *Clark,* 132 Cal. 1, 8 [63 P. 1022].) A practical application of the rule of liberality respecting amendments which is the spirit of our code, is afforded by the case of *Marr* v. *Superior Court,* 30 Cal.App.2d 275 [86 P.2d 141]. That was an action upon a promissory note instituted in a justice's court. During the trial, defendant sought to introduce in evidence proof of his discharge in bankruptcy. "That attempt was opposed because he had not pleaded a discharge. His attorney took the position that the failure to plead the discharge was his own fault and not that of his client. He made a motion to be allowed permission to plead the discharge in bankruptcy, the motion was denied and thereafter judgment was entered against" defendant. (P. 277.) After the action had been appealed to the superior court defendant again applied for leave to amend his answer in this particular and the motion

was again denied. Thereupon, defendant applied to the District Court of Appeal for a writ of mandate to compel the superior court to permit the requested amendment. In granting the writ the court said (p. 278) : ''The general rule is that amendments are allowed in furtherance of justice when it can be done without prejudice to substantial rights of others, and not simply to give one a technical advantage. Under such circumstances it has been held to be reversible error to deny a motion to file an amended complaint. (*Hurley* v. *Lake County,* 133 Cal.App. 219 [23 P.2d 838].) The remaining question of law is whether pleading a discharge in bankruptcy is a meritorious defense. In the instant case that question does not seem to be debatable. Insofar as the suit of Bay Cities Loan Company was a claim against Robert L. Marr based on his promissory note, it is patent the discharge in bankruptcy was a meritorious defense.''

We now come to a consideration of the authorities relied upon by respondent. Before discussing these in detail, however, we desire to point out that in none of them did the answer, as here, undertake to plead any facts tending to show that plaintiff's cause of action was barred in whole or in part by the statute of limitations. Without exception, the answers therein involved pleaded the statute by way of conclusion as authorized by section 458. For this reason alone, if for no other, we believe them distinguishable from the case at bar.

All of the cases cited by respondent have their genesis in *Wolters* v. *Thomas,* 3 C.U. 843 [3 P. 565], decided in 1893, and which, prior to *Overton* v. *White,* 18 Cal.App.2d 567 [65 P.2d 99], decided in 1937, had been cited but once. (*Tipps* v. *Landers,* 182 Cal. 771 [190 P. 173].) There, however, the Supreme Court, having affirmed the judgment of nonsuit, found it unnecessary to consider the correctness of the ruling in *Wolters* v. *Thomas,* but that it seemingly entertained some doubt with respect thereto is evidenced by its comment (later repeated in *St. Paul Title & Trust Co.* v. *Stensgaard,* 162 Cal. 178, 180 [121 P. 731, 39 L.R.A.N.S. 741]) as follows: ''It may be observed, however, that the only subdivision of that section (Code of Civil Procedure, 337) which could apply to the plaintiff's cause of action would be subdivision 2.'' (P. 776.) The Wolters case, however, may be dismissed with the statement that no question with respect to the right to amend a defective pleading of the statute of limitations was here involved.

Depite this, however, in *Overton* v. *White,* 18 Cal.App.2d

567 [65 P.2d 99], the District Court of Appeal based its ruling to the effect that it was not an abuse of discretion to deny a request for permission to amend a plea of the statute of limitations where only the section and not the subdivision thereof was specified solely upon the holding in the Wolters case that such a pleading was insufficient. The only other authorities referred to by the District Court of Appeal in its opinion dealing with the question of the right to amend are *Wells, Fargo & Co.* v. *McCarthy,* 5 Cal.App. 301 [90 P. 203] ; *Rudd* v. *Byrnes,* 156 Cal. 636 [105 P. 957, 20 Ann.Cas. 124, 26 L.R.A.N.S. 134] ; and *Cooke* v. *Spears,* 2 Cal. 409 [56 Am.Dec. 348], all of which involved a refusal to permit an amendment to an answer setting up a defense to the statute of limitations for the first time. They did not involve a situation where, as here, the original answer undertook to plead the statute as a defense but did so imperfectly.

Respondent next refers to *Hart* v. *Slayman,* 30 Cal.App.2d 556 [86 P.2d 861], but examination thereof readily discloses that it is without application here for no request to amend was there made.

We have reserved for the last *Davenport* v. *Stratton,* 24 Cal.2d 232 [149 P.2d 4], for this is the case upon which respondent places great reliance. While there is considerable discussion in the course of the majority opinion as to whether it is an abuse of discretion for a trial court to deny leave to amend a pleading of the statute of limitations where only the section and not the particular subdivision thereof is specified, the court did not directly decide the question. It refers in passing to *Overton* v. *White, supra,* and those authorities already mentioned wherein it was held that an abuse of discretion does not necessarily appear where a trial court refuses to permit an amendment setting up the defense of a statute for the first time, and concludes its discussion on this phase as follows (p. 249) : ''It thus appears that the trial court did not base its denial of defendant's application to amend his answer on the ground that such amendment would not be in furtherance of justice, but upon the ground that the statute of limitations had no bearing upon the case.'' It then proceeds to hold that the trial court's action in refusing to permit the amendment upon this ground was erroneous. Thereafter, it is said (p. 252) : ''As the judgment in this case for other reasons must be reversed and the case remanded for a new trial, the court upon a retrial may then rule upon defendant's application to amend his plea of the statute of limitations,

and in so ruling decided whether in the opinion of the court the granting of such application would be in furtherance of justice.'' From the foregoing it would appear that much, if not all, of the discussion in the opinion with respect to the particular question here present is obiter. It is to be noted also that while all of the justices concurred in the judgment of reversal, Mr. Justice Schauer in a concurring opinion in which the Chief Justice and Mr. Justice Traynor joined, expressly disapproved of so much of the discussion contained in the majority opinion as is related to the question of whether it was an abuse of discretion for the trial court to refuse defendant's request to amend its answer in the particular stated. In the course of his opinion, Mr. Justice Schauer said (p. 256): ''After the trial was entered upon, plaintiff objected orally to consideration of that defense. Under the circumstances, since the pleading of the statute was not a nullity, the objection necessarily went to the *form* of the pleading rather than, strictly, to its substance. In response to such objection defendant asked leave to amend the pleading by inserting the subdivision he relied upon. This was not a request for leave to amend to initially plead the statute as a defense—it had already been pleaded sufficiently in the absence of objection—but was a mere request, *as timely as was the objection,* to amend the *form* to cure the defect pointed out by the objection. The trial court refused to permit the amendment and refused to submit to the jury the issues raised by the plea. Both rulings were in my opinion erroneous.

''In making such rulings the court disavowed the defect in the pleading as a ground thereof and declared that it so ruled because 'the statute of limitations has no bearing upon this case.' That position is untenable. The statute pleaded appears to be a meritorious defense *to at least a part of the cause of action sued upon.* The court should have considered defendant's request for leave to amend upon its merits, and, in the circumstances shown, it was an abuse of discretion not to grant such request and thereupon submit the issues to the jury.'' (Emphasis added.)

If the true test be, as the authorities unite in declaring, that amendments to pleadings are to be liberally allowed in the furtherance of justice, how may it with reason be said that justice was furthered by denying the right to amend where the effect thereof is to deprive defendant of the benefit of a meritorious defense simply because, in undertaking to avail himself of it, his counsel makes the mechanical error of failing to specify the particular subdivision of the admittedly

proper section of the Code of Civil Procedure upon which it is predicated? In answering this question we emphasize the fact that it affirmatively appears from the complaint itself that the defense sought to be pleaded in better form was one which plaintiff anticipated when she commenced her action. In such circumstances we believe that the burden of establishing that the denial of the right to amend was in the furtherance of justice rests upon one who undertakes to sustain the trial court's action rather than, as counsel for respondent suggests, upon the party against whom the ruling operates. Our Supreme Court at a comparatively early date said: ''The court refused to allow the plaintiff to amend the complaint. This is generally a matter of absolute right, and when it is refused the court must be able to see that the complaint cannot be amended as to state a good cause of action.'' (*People* v. *Mount Shasta Mfg. Co.*, 107 Cal. 256, 258 [40 P. 391].) If this be true in the case of a defective complaint, it must likewise be true of a defective answer, and certain it is that it cannot be said here that the defendant's answer 'cannot be amended as to state a good' defense of the statute of limitations. Likewise, apposite is the language of the court in *Hanna* v. *Hirschhorn*, 112 Cal.App. 438 [296 P. 891] (hearing in the Supreme Court denied) where, in reversing the action of the trial court in refusing plaintiff right to amend his complaint so as to remedy a defective pleading therein of waiver, Mr. Justice Houser, speaking for the court, says (p. 441): ''However, since it is apparent that the cause of action may have been 'imperfectly pleaded' (*Norton* v. *Bassett,* 158 Cal. 425, 427 [111 P. 253]); that by the proposed amendment the issues in the action as originally presented would not have been radically or at all changed; that defendants could not have been taken by surprise by the proposed amendment; that if permitted, it would have worked no delay; that by permitting such amendment, no rights of defendants would have been jeopardized; but, to the contrary, that it would have been in furtherance of justice—it follows that in refusing leave to plaintiffs to amend their complaint as requested, prejudicial error was committed by the trial court.''

There remains one other matter discussed by counsel which requires consideration as it will necessarily arise upon a retrial, affecting as it does the determination of whether the five-year period prescribed by subdivision 1 of section 336 or the four-year period prescribed by subdivision 1 of section 227, is applicable here.

In an earlier portion of this opinion we adverted to the rather unusual manner in which respondent undertook to plead her cause of action in that in the first count she alleges that the property settlement was approved and incorporated in the decree of divorce which would have the effect of merging the agreement into the judgment, while in the second count she seemingly predicates her cause of action upon the contract rather than the judgment. An examination of the decree which was introduced in evidence discloses that while it incorporates therein the property settlement agreement in its entirety and approves the same, it contains no provision directing compliance therewith by the defendant (see *Howarth* v. *Howarth*, 81 Cal.App.2d 266, 269-273 [183 P.2d 670], and compare *Hough* v. *Hough*, 26 Cal.2d 605 [160 P.2d 15]; *Flynn* v. *Flynn*, *(Cal.App.) 252 P.2d 358). The trial court found the allegations of the first count of the complaint to be true, thus implicitly determining that the agreement was merged in the judgment. In this aspect the agreement was completely superseded by the decree with the result that no action could thereafter be maintained upon the agreement as such. (*Hough* v. *Hough, supra.*) The findings, however, then proceed to refer to said "contract and judgment" with the result that we are left in doubt as to whether the court predicated its judgment upon the decree or the agreement. If upon the latter, the court was in error in awarding judgment upon the decree. (*Howarth* v. *Howarth, supra.*) Without undertaking to decide which view is correct, we desire to point out that upon a retrial the court will be required to specifically find upon this issue, as any judgment rendered must be either upon the decree or the agreement—not both, and such finding will also serve to determine the applicable period of limitation.

The judgment is reversed and remanded for a new trial, with directions to the trial court to permit defendant to amend his answer, in accordance with his motion therefor.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 9, 1953, and respondent's petition for a hearing by the Supreme Court was denied April 15, 1953.

---

*A hearing was granted by the Supreme Court on March 26, 1953.